WILLIAM BLAIR v. THE TERRITORY OF OKLAHOMA.

(Filed September 6, 1905.)

1. EVIDENCE—Possession of Recently Stolen Property—Presumption. The possession of recently stolen property unexplained, does not constitute presumption of guilt, but creates an inference of guilt which may be sufficient, with other criminating circumstances tending to connect the prisoner with the ·larceny, to warrant a conviction.

2. INSTRUCTIONS. While each instruction given should embrace one complete proposition of law, the court is not required to state the entire law relating to one subject in one instruction. And where the court attempts in an instruction to set out all the material elements constituting the crime, but omits one of them, and in another instruction specifically informs the jury that such element ·so omitted must be proved by the evidence to the satisfaction of the jury beyond a reasonable doubt before a conviction can be had, the two instructions together properly stating the law, no error is committed.

(Syllabus by the ·Court.)

*Error from the District Court of Kay County; before J. L. Pancoast, Trial Judge.*

*Dale & Bierer, H. S. Hines* and *A. H. Meyer,* for plaintiff in error.

*P. C. Simons Attorney General,* and *Don C. Smith, Ass't.* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Blair was convicted in the district court of Kay. county of the crime of grand larceny and sentenced to two and one-half years' confinement in the penitentiary. He appeals from that judg-

ment, and presents but two alleged errors in his brief. It is first claimed that the evidence does not sustain the verdict of the jury. The prisoner was charged with the larceny of a set of double harness of the value of thirty-five dollars. The evidence clearly shows that the harness were property of one Tom Murray, and that they were stolen from his premises, and sometime afterwards found in the possession of Blair, at his home in the Kaw Indian reservation, in Kay county.

While the possession of stolen property does not create a presumption of guilt, it is a circumstance which, if not satisfactorily explained, raises a very strong inference of guilt. This inference, together with the facts and circumstances attending the taking and connected with the possession, are questions for the jury, and may be sufficient to induce an irresistable conclusion of guilt. The circumstances of each particular case must of necessity be different, and while possession of stolen property in one case may not warrant a verdict of guilty, there are other cases where such possession is so related to other circumstances of a criminating character as to satisfy an unprejudiced mind that the possessor is the thief. Proof of possession alone is not sufficient to sustain a conviction. But where the larceny is proven beyond question, the stolen property found in the possession of the prisoner and he exercising acts of ownership and control over and claiming it, and the explanation given by him is not a reasonable or satisfactory one, and the conduct and character of the prisoner are such as to arouse suspicion, such facts and circumstances often produce the most satisfactory evidence of guilt, and will sustain a conviction.

In the case at bar, the jury had ample evidence before them to prove the larceny of the harness, the ownership of the property and its value, the possession of the stolen property in the prisoner, and there are such other facts and circumstances in evidence relating to the actions, conduct, and explanations of the prisoner both before and after his arrest, as reasonably tend to support the verdict of the jury, and such being the fact, and the trial court having approved the verdict, this court will not disturb the verdict on the weight of the evidence.

The next contention is that the court erred in giving the instruction which attempts to set out the material elements of the crime of larceny, but fails to include the element of value. The court instructed the jury that the Territory must prove to the satisfaction of the jury beyond a reasonable doubt first, that at the time and place charged the defendant took the harness described in the indictment; second, that the harness was the property of Tom Murray, and third, that it was taken by the defendant with the felonious intent to deprive the owner thereof. This instruction omits the question of value, and if the instruction could be considered alone would be erroneous. But in another instruction which is a part of the charge, the court instructed specifically upon the question of value. The instruction is as follows: "Under our statute, there are two degrees of larceny, namely, grand larceny and petit larceny, and within the charge contained in the indictment in this case is included the lesser degree of petit larceny. If you find from the evidence beyond a reasonable doubt that the defendant did take, steal and carry away the property described in the indictment, with the intent to deprive the owner thereof,

and you further find beyond a reasonable doubt that the value of the property was more than twenty dollars, then you should find the defendant guilty of grand larceny as charged in the indictment. But if you should find that the defendant did take, steal and carry away the property charged in the indictment, with the intent to deprive the owner thereof, and the evidence fails to show beyond a reasonable doubt that the value of the property was more than twenty dollars, then you can only find the defendant guilty of petit larceny."

This charge fully covered the omission in the other, and when taken with the other is not open to objection. Counsel cite in support of their objection several cases which hold that the giving of an erroneous instruction is not cured by giving another which correctly states the law. We concede the correctness of that proposition, but this case does not fall within that rule. A court is not required to state all of the law of the case in one instruction, and where an instruction given simply omits a proposition which it should contain, and that proposition is clearly and specifically set out in another instruction, and together they embrace the law applicable to the case and do not conflict, we can see no cause for complaint. Certainly the prisoner is no way prejudiced by such course. The authorities cited refer to cases where one instruction misstates the law and another one states it correctly; it cannot be told in such case which instruction the jury has followed, and as they could not follow both, it will be presumed that they followed the one prejudicial to the prisoner.

There is nothing in the form of the instructions that would tend to confuse the jury and render their duty uncertain. They were specifically informed that in order to find the prisoner guilty of grand larceny they must find from the

evidence beyond a reasonable doubt that the harness was of the value of over twenty dollars. The instructions as a whole are too plain to have been misunderstood by the jury, or to be misconstrued by counsel.

We find no error in the record. The judgment of the district court of Kay county is affirmed, at the costs of the plaintiff in error, and the cause remanded with directions to the sheriff of Kay county to proceed at once to execute the judgment in said cause.

Pancoast, J. who presided in the court below, not sitting; all the other Justices concurring.