## JACK FLYNN v. STATE.

No. A-1779.   Opinion Filed July 19, 1913.

(133 Pac. 1133.)

EVIDENCE—Evidence of Accomplice—Corroboration. To allow a conviction to stand upon the testimony of an accomplice, not corroborated by any other evidence tending to connect the defendant with the commission of the offense, would be in direct violation both of the letter and spirit of section 5884 (Rev. Laws 1910), Procedure Criminal. The requirement of the law in this respect cannot be satisfied by any amount of corroborative evidence which does not tend to connect the defendant with the commission of the offense charged. **Nichols v. State, ante, 133 Pac. 256.**

*Appeal from County Court, Garvin County;*
*W. B. M. Mitchell, Judge.*

Jack Flynn was convicted of violating the prohibitory law, and appeals. Reversed.

*Thompson & Patterson,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Jack Flynn, was convicted at the January, 1912, term of the county court of Garvin county on a charge of selling intoxicating liquor, and his punishment fixed at imprisonment in the county jail for a period of six months and a fine of $500.

The sole and only proof having any bearing on the issues joined in this cause is by an accomplice, Click Cunningham, who testified that he, Cunningham, sold the whisky in question to J. W. Mitchell, and that he, Cunningham, was working for the plaintiff in error, Jack Flynn. There is absolutely no corroboration whatever of the story told by Cunningham.

In the case of *Chas. Nichols v. State, ante,* 133 Pac. 256, in an opinion by Doyle, J., we said:

" * * * There was no evidence adduced that tended to connect the defendant with the commission of the offense charged, except that of his codefendant, who upon his own testimony is an accomplice, and a verdict of guilty upon the uncorroborated testimony of an accomplice is contrary to law and the evidence. *Thompson v. State,* 9 Okla. Cr. 525, 132 Pac. 695; *Head v. State,* 9 Okla. Cr. 356, 131 Pac. 937. Our view of the evidence necessarily disposes of and determines the case; however, it is apparent from the record in this case that the most simple and plain rules of evidence and procedure were disregarded upon the trial. A record of this kind we should not pass by in silence, lest our silence should be interpreted into an indorsement of or indifference to such practices."

And again:

"The rule of law forbidding a conviction upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense is, under the statute (section 5884, Rev. Laws 1910), positive and peremptory. The state only demands the punishment of a citizen, when his guilt has been clearly established according to the forms and rules of law prescribed for ascertaining his guilt. It is not to shield the guilty, but to protect the innocent that courts are steadfast in upholding the forms and rules of law by which it may be lawfully determined who are guilty. A fair trial is a legal trial, or one conducted in all material things in substantial conformity to law."

The prosecuting witness in the case at bar had been confined in jail for some time, and admitted on the stand that he had agreed to give the testimony which he did give on the trial in consideration of his release from jail and the discontinuation of prosecution against him by the county attorney. As aforesaid, he admitted making the sale himself, and he is the only person

who in any way, directly or indirectly, connects the plaintiff in error with the transaction. Such a conviction is not warranted by law and cannot be upheld.

There are numerous other assignments, but we find it unnecessary to consider them.

If the plaintiff in error had been prosecuted for maintaining a place wherein intoxicating liquors were illegally kept for sale, the story told by the prosecuting witness could possibly be corroborated by some of the testimony offered by the state; but upon the specific charge of sale there is not a single line of corroboration.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

DOYLE and FURMAN, JJ., concur.