## JOE COX v. STATE.

No. A-2824.   Opinion Filed October 14, 1918.

(175 Pac. 264.)

1. **TRIAL—Demurrer to Evidence.** A demurrer to the evidence is properly overruled, when there is competent evidence from which a deduction of guilt can be reasonably drawn.

2. **LARCENY—Proof—Possession of Stolen Property.** Proof of the possession of stolen property is alone not sufficient to warrant conviction, but where there is other proof supporting the inference sufficient to warrant submission of the issue to the jury, this court will not disturb their findings thereon.

3. **TRIAL—Private Prosecuting Attorney.** The assistance of private counsel in the trial of a criminal cause in this jurisdiction is not prohibited by law, and when the county attorney in the county in which the cause is pending institutes the proceeding and controls the trial of the case, there is no error in permitting other counsel to appear, examine the witnesses, or assist in any other manner in a due and orderly conduct of the trial.

4. **APPEAL AND ERROR—Reversal—Instruction.** A reversal of a judgment of conviction will not be granted in this court on the ground that an instruction in the following language: "When the

fact of the theft has been shown, and the question is whether or not the defendant committed it, his possession of the stolen property at a time not too long after the stealing is a circumstance for the jury to consider and weigh in connection with all the other evidence, acts, and circumstances in the case. Its significance will vary with its special facts and with the other facts of the case, among which are the nearness or remoteness of the proven possession of the larceny, the nature of the property as passing readily from hand to hand or not, together with such other facts and circumstances as would reasonably influence the opinion of the jurors as to the guilt or innocence of the defendant"—does not have coupled with it a specific instruction to the effect that the possession of the stolen property alone would not warrant a conviction.

5.  **SAME—Evidence—Sufficiency.** When there is competent proof offered tending to establish the fact that the property alleged to have been stolen in a grand larceny case exceeded $20.00 in value, this court will not disturb the findings of the jury on that ground, although a different conclusion could also have been reached.

*Appeal from District Court, Washita County;*
*Thomas A. Edwards, Judge.*

Joe Cox was convicted of grand larceny, and he appeals. Affirmed.

*Richard A. Billups,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error,· Joe Cox, was convicted in the district court of Washita county at the July, 1915, term, on a charge of grand larceny, and his punishment fixed at imprisonment in the state penitentiary for a term of· three years. The information charges the plaintiff in error with larceny of merchandise from the Foss Mercantile Company, in Washita county, on or about the 20th day of April, 1915. The value of the articles mentioned in the information is stated at $47.45. The proof discloses the fact that the store building containing general merchandise belonging to the Foss Mercantile

Company was burglarized on the 20th day of April, 1915, and a large quantity of dry goods and clothing stolen therefrom. Many of these articles were recovered from a store operated by John A. Green, at Duke, Okla.

It is contended by the state that the plaintiff in error stole the property from the Foss Mercantile Company, and took it to Duke, and there sold it to Mr. Green, or delivered it to him to be by him sold. Quite a quantity of the merchandise was on the counters and on the shelves in Green's store at the time it was recovered. Other items were in a trunk left at Green's store by the plaintiff in error, according to the contention of the state. John Green, the owner of the store from which the merchandise was recovered, and an employee by the name of Hunter, testified at the trial on behalf of the state, but did not make satisfactory witnesses according to the argument of the Attorney General, and a review of their examination supports this contention.

The first proposition urged by counsel in their brief as ground for reversal of this judgment is based on the contention that the court erred in overruling the demurrer to the evidence. The demurrer is as follows:

"Comes now the defendant and demurs to the evidence as wholly insufficient to sustain the allegation of the state set forth in the information, and the further objection that there is a fatal variance between the ownership as alleged in the information and the ownership as proven or attempted to be established in the case, and a total failure of proof and no proof of any kind connecting this defendant with the commission of this offense."

A review of the record fails to support this contention. There is no doubt but that the larceny was committed and the merchandise delivered to Green's store, and

there is ample proof in the record from which the jury could legitimately conclude that the plaintiff in error was the guilty party. The testimony warrants the conclusion of the jury that the property was stolen in the manner and form as charged in the information. There is no vital variance between the proof and the allegations in the information.

Counsel argues the credibility of the witnesses and the weight of the testimony at length in the brief. Examination of the records discloses no reason why this court should set its judgment against that of the jury. In fact, we are inclined to the view that the jury reached a correct conclusion. Counsel also argues that this conviction should be reversed, under the rule laid down in the case of *Blair v. Territory*, 15 Okla. 549, 82 Pac. 653; but this case does not come within the doctrine there declared, to the effect that proof of the possession of stolen property alone is not sufficient to sustain a conviction. There is ample proof in this record, in addition to the possession of the stolen goods, which clearly points to the guilt of the accused, and from which a proper inference of guilt could be drawn.

The next proposition discussed is based upon the contention that the court erred in permitting the county attorney of Custer county, over the objection of the plaintiff in error, to conduct the trial of the accused. At the time this objection was made the court overruled the same and made the following statement, which is included in the record:

"The court observes that the county attorney of this county (Washita county) remains in charge of the cause, and that the county attorney of Custer county is merely examining the witnesses."

The record fails to disclose that the county attorney of Custer county examined more than one or two wit-

nesses. The ruling of the trial court was proper, and the conduct of the trial in this respect legal and regular. The objections and exceptions are wholly without merit. The contrary doctrine was laid down in *Reed v. State,* 2 Okla. Cr. 589, 103 Pac. 1042, and has been uniformly followed by this court.

Counsel also argues that the examination conducted was unfair and prejudicial, and sufficient to entitle him to reversal of this judgment, under the doctrine laid down in *Rogers v. State,* 8 Okla. Cr. 226, 127 Pac. 365. The parallel between the examination that is disclosed by the two records is not apparent. In the case under consideration there is no indication of a desire upon the part of the prosecution to be unfair or unjust to the witnesses, but rather an indication on the part of the witnesses to evade the truth and avoid disclosing criminating facts. The objection presented by the record in the Rogers Case and in this case are not identical in any way. The examination of the witnesses was entirely proper under all the circumstances, and no more vigorous than warranted.

The next proposition urged is based upon the contention that the court erred in giving the following instruction:

"When the fact of the theft has been shown, and the question is whether or not the defendant committed it, his possession of the stolen property at a time not too long after the stealing is a circumstance for the jury to consider and weigh in connection with all the other evidence, acts and circumstances in the case. Its significance will vary with its special facts, and with the other facts of the case, among which are the nearness or remoteness of the proven possession of the larceny, the nature of the property as passing readily from hand to hand or not, together with such other facts and circumstances as would reason-

ably influence the opinion of the jurors as to the guilt or innocence of the defendant."

The objection to this instruction is without merit. The court in the charge covered all of the issues fairly and impartially, and there was nothing prejudicial in the instruction complained of, considered together with all other instructions given.

The next proposition urged is based upon the contention that the testimony failed to establish the value of the property alleged to have been stolen at more than $20. In this connection it is argued that the state should have established that all the merchandise was taken at one time and exceeded $20 in value. Counsel rely on *Camp v. State*, 7 Okla. Cr. 531, 124 Pac. 331, wherein it is said in the syllabus:

"In a trial for grand larceny, where the offense was not committed by taking property from the person of another, the evidence must establish beyond a reasonable doubt that the value of the property taken exceeded $20.

"Where property was taken on a number of different occasions, each separate taking constituted a separate and distinct offense, and a person cannot be convicted of grand larceny upon proof that the entire property taken on such different occasions exceeded $20 in value."

There is ample testimony in this record to establish the value of the property taken, and to warrant the jury in concluding it was all taken at one time and by the same party. We do not feel called upon to disturb the findings of the jury in this connection.

Finding no error sufficient to warrant a reversal of the judgment, it is in all things affirmed.

DOYLE, P. J., and MATSON, J., concur.