### A. B. CHRISMAN v. STATE.

No. A-3779.   Opinion Filed Oct. 14, 1922.
(209 Pac. 656.)

(Syllabus.)

Larceny—Evidence Sustaining Conviction.   For evidence held sufficient to sustain the judgment of conviction, see body of opinion.

Appeal from District Court, Logan County; Arthur R. Swank, Judge.

A. B. Chrisman was convicted of larceny of an automobile, and he appeals.   Affirmed.

Springer & Wilson, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, J. The record in this case discloses that a certain Ford 5-passenger automobile was stolen from the streets of Guthrie, Logan county, Okla., on the afternoon of the 20th day of October, 1919, at about 5 o'clock, and that the alleged stealing was reported to the sheriff's office. Immediately thereafter, about 5:30, Mr. Beem, deputy sheriff, and the county attorney started out to look for the car reported to have been stolen, and that some time close to 7 o'clock in the evening, and about 4 or 5 miles east of Guthrie, after chasing the car something like 3 miles, they overtook the driver thereof, who is defendant herein, and who, upon being stopped by the deputy sheriff and county attorney and asked why he was driving a car with no tag, replied that he had made application for a tag but had not received it yet. Then asked where his receipt was, he replied that he left it at home. The deputy sheriff then lifted the hood of the engine and identified it by the number given him as the number of the stolen car, and then informed the defendant that it was a stolen car and asked his name, whereupon the defendant refused to give his name, was arrested, and returned to the city of Guthrie and placed in jail, at which place he declined to give his name or address to the county attorney or the sheriff.

At the trial, the defendant offered, in explanation of his possession of this car, that he had been requested by two men, whom he did not know, to drive the car from Guthrie to Cushing, Okla., and that, when he was arrested, was on his way from Guthrie to Ripley; that he did not know the names of the men for whom he was driving the car nor their place of residence, neither did he know what he was to receive for making the drive.

The sole and only question presented in the brief of counsel for plaintiff in error is that the evidence is not sufficient to support the verdict and judgment of the court, contending

that the evidence of possession of the stolen property stands alone and is unsupported by other facts and circumstances, and therefore is insufficient to convict.

In Cox v. Territory, 2 Okla. Cr., at page 677, 104 Pac. at page 382, this court said:

"Possession of property recently stolen, unexplained, is a circumstance to be considered and given such weight as the jury may see fit. The jury is the sole judge as to what weight should be given this circumstance; and, even though the defendant makes no attempt at explanation of the possession, the jury would not be authorized to convict unless, from all the facts and circumstances in the case, after giving such weight as they see fit to such possession, they believed the defendant guilty."

In the case of People v. Gibson, 16 Cal. App. 347, 116 Pac. 987, the Court of Appeals of California held:

"Where one accused of larceny is shown to have had possession of the stolen property, when it had been recently stolen, slight corroborative evidence of inculpatory circumstances will justify submission of the case to the jury, in the absence of evidence on accused's part."

In Blair v. Territory, 15 Okla. 549, 82 Pac. 653, the Supreme Court of the territory said:

"The possession of recently stolen property unexplained, does not constitute a presumption of guilt, but creates an inference of guilt which may be sufficient, with other criminating circumstances tending to connect the prisoner with the larceny, to warrant a conviction."

Counsel offer no criticism to the trial court's instructions in this case. We think the evidence on the part of the state was sufficient to authorize the submission of the question of defendant's guilt to the jury. The uncontradicted evidence on the part of the state was to the effect that defendant was found in possession of the stolen property within two hours

after it was stolen. Upon being questioned by the deputy sheriff as to why he was driving a car without a license, defendant said that he had applied for an automobile license but had not received his tag, and that he had a tag receipt for the car at his home, indicating that he was the owner of the car, and defendant further refused at that time to give his name and his home address.

But the conviction is not based alone upon the state's evidence. The defendant elected to become a witness for himself, and his explanation of the possession of the stolen car as a witness is contradictory of that given to the deputy sheriff and prosecuting attorney at the time of his arrest.

In Conkright v. State, 21 Okla. Cr. 74, 204 Pac. 1113, at page 1116, in passing upon the question of the sufficiency of the evidence in a larceny case, where the facts were very similar to those in this case, this court said:

"In considering the circumstantial evidence and the weight to be given it and the conclusiveness of it, the jury has a right also to consider the defense interposed. Had the defendant interposed no defense, but had left the state's case as the only evidence against him, he would be in a much better position to contend that the evidence was insufficient to convict. But where the defendant does interpose a defense, and that defense is apparently based upon falsehood, the jury then necessarily and properly so resolve all inferences from the circumstances disclosed most strongly against the defendant. This is a natural consequence of a fabricated defense."

As a witness, defendant claimed that he came into possession of this car from two strangers on the evening it was stolen; that these strangers met him when he was at the depot platform in the city of Guthrie, for the purpose of taking the train to the town of Ripley, Okla.; that he had already purchased his ticket to Ripley, and intended to go from

Ripley to the town of Yale, where he had been engaged in the livery business; that these strangers told him that they had bought a new car in Guthrie and wanted somebody to drive it for them to Cushing, and promised to pay him for so doing, but didn't tell him what they would pay him, and he didn't make any inquiry as to what he would receive for such service; that without further inquiry he agreed to drive the car for them to Cushing, and abandoned his railroad trip, and was then taken to a street in the north part of the city of Guthrie, where he was placed in possession of the car; that there was nobody there, and that he was told to drive slowly on the road to Cushing and that they would overtake him in the other car; that they didn't tell him where to meet them in Cushing in the event they failed to overtake him. This story is entirely incredible and unworthy of belief. Instead of being consistent with innocence, it tended to strengthen the state's case.

We deem it unnecessary to discuss the inferences and deductions of guilt necessarily arising from the testimony as a whole. For a discussion of similar circumstances see West v. State, 19 Okla. Cr. 355, 198 Pac. 99. In our opinion, the evidence as a whole is such as to exclude every reasonable hypothesis except that of the guilt of defendant, and for that reason we decline to disturb the verdict and judgment on the ground of the insufficiency of the evidence.

The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.