## RAY VARNER v. STATE.

No. A-6781.   Opinion Filed Jan. 26, 1929.
(274 Pac. 43.)

S. H. King and J. E. Curran, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county on a charge of stealing an automobile, and was sentenced to imprisonment for a term of five years.

The information properly charged that Leonard Varner and Ray Varner did, in Kay county and state of Oklahoma, commit the crime of stealing an automobile. Before the beginning of the trial the defendants duly demanded a severance, which was granted. The state thereupon elected to try defendant Ray Varner.

The defendant, in his motion for a new trial, alleges and sets out 15 separate errors alleged to have been committed by the trial court; but for the purpose of determining the issues of the case it will only be necessary to pass upon 4 assignments of error.

The first error relied on is that the evidence is insufficient to sustain a conviction. This contention is based upon the alleged failure of the state to corroborate the tes-

timony of Leonard Varner, who was a confessed accomplice in the commission of this crime.

This court has frequently passed upon this question. In the case of Moody v. State, 13 Okla. Cr. 327, 164 P. 676, the court held: "It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. If the accomplice is corroborated as to some material fact or facts by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all. Such corroborating evidence, however, must show more than the mere commission of the offense or the circumstances thereof."

The court in this case further says: "Evidence corroborative of an accomplice need not directly connect the defendant with the commission of the crime; it is sufficient if it tends to connect him with its commission."

This court has also held, in Blair v. Territory, 15 Okla. 549, 82 P. 653, that "the possession of recently stolen property, unexplained, does not constitute presumption of guilt, but creates an inference of guilt which may be sufficient, with other criminating circumstances tending to connect the prisoner with the larceny, to warrant a conviction." The court in Chrisman v. State, 22 Okla. Cr. 54, 209 P. 656, approved this principle.

The trial court, with the evidence fresh in his mind and familiar with the circumstances surrounding the case, as shown by the evidence, held the corroborating evidence sufficient to submit the case to the jury, and the jury on the evidence found the defendant guilty. Under the case above cited, and from a careful examination of the record, the court is of the opinion that there was suffi-

cient corroborating evidence to justify the conviction of the defendant.

It is contended that it was error for the trial court to permit Leonard Varner, co-defendant, to testify, because his name had not been indorsed upon the information with the permission of the court. There is a dispute as to when and under what circumstances the name of Leonard Varner was indorsed on the information. The county attorney claims that the indorsement had been made three weeks previously, and defendant's counsel claims that the indorsement had been made without the consent of the court, and not more than a week previous to the trial.

It is immaterial when this was done, or whether it was done at all, since this court has held in the case of Cudjoe v. State, 12 Okla. Cr. 246, 154 P. 500, L. R. A. 1916F, 1251: "Every defendant jointly indicted or informed against is charged, under the Statute, with notice that the state may, if it so desires, use a codefendant as a witness against him. The appearance of the name of a witness, on the face of the information" or indictment "as a codefendant, answers every requirement of the Statute, that the name of the witness be indorsed on" the back of "the information" or indictment "before trial." In the case of Cloud v. State, 41 Okla. Cr. 395, 273 P. 1012, this court reaffirmed that decision.

It is next contended that the trial court erred in refusing to allow defendant's counsel to read certain excerpts of testimony of the witness Lewis Evans, as given on the preliminary examination and also on a former trial of the defendant. We have carefully read all of the evidence offered in the case and all of the excerpts offered by the defendant and rejected by the court, and are unable to see wherein the cause of the defendant was prejudiced by the refusal of the court to permit the reading of this testimony, since the witness Evans did not deny making the state-

ment, but merely said he did not remember, and that he was not asked some of the questions in the former trial.

It is next contended that the trial court erred in giving instruction No. 7. Instruction No. 7 is copied verbatim from the instruction .approved by this court in the case of Cox v. State, 15 Okla. Cr. 133, 175 P. 264.

We have carefully considered all of the errors complained of by the defendant, and find no error prejudicial to the rights of the defendant. The record discloses that the trial judge was diligent in safeguarding the substantial rights of this defendant. The evidence introduced on the part of the state conclusively establishes the guilt of the defendant, and a careful reading of the record reveals that he received a fair trial, and that no error was committed prejudicial to his rights.

The judgment appealed from is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.