H. A. FORTMAN et al. v. STATE.

No. A-6593.   Opinion Filed May 11, 1929.
Rehearing Denied Oct. 19, 1929.
(280 Pac. 1109.)

O. H. Whitt and Frank Watson, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter called the defendants, were found guilty of robbery with firearms, and each was sentenced to imprisonment in the state penitentiary for a period of five years. Motion for new trial was filed, considered, overruled, and exceptions saved, and the defendants have appealed to this court.

The testimony in this case shows that the defendants, who claim they were traveling from Hot Springs across the country, stopped in the town of McAlester, where they formed the acquaintance of a man by the name of William Wood; that William Wood took them to his apartment and let them sleep in the apartment; that his wife was away from home; some time thereafter William Wood advised them he knew where there was a poker game going on in the town of Krebs, and he was sent to find out the amount of money that was in the game, and about 1 or 2 o'clock in the morning the defendants accompanied Wood to Krebs where the poker game was in progress, and the defendants held up the parties in the game and secured quite a sum of money; they returned to Wood's apartment and the money was divided; later they were all arrested, and William Wood turned state's evidence and told of the plans of the robbery, the execution of the same, and the dividing of the funds. The state corroborated the testimony of Wood and showed where one of the defendants went to a business house in the town of McAlester the afternoon of the robbery and bought a pistol; the pistol that was sold was identified by the party selling

it; it was found on the person of one of the defendants. When the robbery was executed the parties doing the robbery had their faces covered with a handkerchief, but the one who did the talking had a peculiar voice, and one of the parties in the game testified that this party's voice was the same voice he heard while the robbery was going on. After the defendants were placed in jail, they turned over to some of the inmates a considerable sum of money; they had never known the parties before, but stated they did not want the money to be found upon them, as they were charged with robbery.

The defendants denied the robbery, but admitted they had been stopping at the apartment of the defendant William Wood, who had turned state's evidence. They insisted that Wood went away from home at different times while they were there and that they did not take any part in the robbery of this poker game. The defendants were identified by other witnesses as being the parties who came to the Wood apartment and had left their car near the entrance of the apartment. This is in substance the testimony in the case. No one seems to have known these defendants or to have seen them until they came to McAlester, where they claim to have spent the night in a rooming house, and the next day met William Wood who testified against them and detailed the planning of the robbery and the dividing of the money.

It is urged by the defendants that there is no corroboration of the accomplice William Wood. Under the provision of our statute a defendant cannot be convicted upon the uncorroborated testimony of an accomplice. This court has repeatedly held that in order to convict the defendant there must be some testimony corroborating an accomplice. Collins v. State, 28 Okla. Cr. 45, 228 Pac.

1001; Kirk v. State, 10 Okla. Cr. 281, 135 Pac. 1156; Davis v. State, 31 Okla. Cr. 109, 237 Pac. 471.

The record in this case shows that Wood is corroborated by the testimony of Briney Watson, who was conducting the poker game, as to the fact of the robbery and the time thereof, and as to the money taken from him and the approximate amount taken from all the parties at the time the game was robbed, and the further circumstances that there were three men engaged in the robbery in the house.

Isaac Zabara also testified that while he could not positively identify Davis' voice he believed he heard the voice of Davis that night at the time of the robbery. The testimony further tends to corroborate Wood as to the purchase of the pistol.

In Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676, in the first paragraph of the syllabus, the court said:

"Evidence corroborative of an accomplice need not directly connect the defendant with the commission of the crime; it is sufficient if it tends to connect him with its commission."

In the opinion the court said:

"It is well established that the evidence corroborating an accomplice and tending to connect the defendant with the commission of the crime need not be direct, but may be circumstantial only"—citing a number of authorities.

We reach the conclusion that the testimony of the accomplice in this case is sufficiently corroborated by independent evidence tending to connect the defendant with the commission of the offense. After a careful and full consideration of the record, however, we are convinced that the defendants had a fair and impartial trial ac-

cording to law, and that the errors complained of and presented in their brief were not such as would authorize this court to reverse the judgment.

For the reasons given in this opinion the judgment of the court of Pittsburg county is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.