## VIRGIL MORTON v. STATE.

No. A-7142.   Opinion Filed March 15, 1930.
(287 Pac. 1087.)

362

John T. Morris and J. A. Shirley, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of burglary in the second degree, and his punishment fixed at a term of three years in the state penitentiary, from which judgment the defendant has appealed to this court.

Virgil Cochran, an accomplice, with Virgil Morton and Clifford Morton, defendants, testified they went to the store of Mr. Allen, at Wade, at night, broke the window lights, and he and the defendant entered the store and carried out certain goods from the store, and the defendant Clifford Morton watched on the outside. This burglary was alleged to have taken place on the night of October 4, 1927. Cleo Robinson, a brother-in-law of the defendant, testified that he bought a pair of overalls from the defendant, and the proof shows they were the same brand of overalls taken from the Allen store. W. E. Dodson, testified as a finger print expert that he photographed the finger prints on the glass that was broken out of the window and then photographed the defendant's finger prints, and that in his opinion they corresponded. R. R. Voyles, the undersheriff, testified he received a telephone call from some one at Oklaunion, Tex., who told

him his name was Virgil Morton; that the party told him he knew who had broken into the store. C. L. Shoemaker testified that when the defendant was arrested he had on a pair of overalls of the description of those stolen from the Allen store.

The defendant testified and denied any knowledge of the robbery, and states that his brother Clifford Morton gave him the two pairs of overalls; that he had one pair and had sold the other to his brother-in-law Cleo Robinson. Clifford Morton testified for the defendant, and stated that he and Virgil Cochran were the only ones that had anything to do with the robbery of the Allen store; that his brother Virgil Morton had nothing whatever to do with it, and did not know the store was going to be robbed.

The defendant has assigned as errors, first, that the court erred in overruling his motion for a new trial; second, that there is no corroboration of the accomplice Virgil Cochran; third, that the court erred in permitting the testimony of Bill Dodson as an expert in finger prints. These assignments will be considered together, as the only question argued by the defendant in his brief is the question of the corroboration of the accomplice's testimony.

It is urged by the defendant that he is not guilty of the offense charged, and that Virgil Cochran, according to his own testimony is an accomplice, and that there is no testimony in the record substantially corroborating the testimony of the accomplice Cochran, and that the court erred in permitting the jury to pass upon the guilt or innocence of the defendant, citing, in support of his contention, Flynn v. State, 10 Okla. Cr. 41, 133 Pac. 1133, and Wever v. State, 22 Okla. Cr. 414, 211 Pac. 1062.

Section 2701, C. O. S. 1921, is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

In Hollingshead v. State, 21 Okla. Cr. 306, 207 Pac. 104, 105, in the fourth paragraph of the syllabus, the court said:

"The testimony of an accomplice, to sustain a conviction, need not be corroborated in every particular in detail. The rule is that the testimony of an accomplice must be corroborated by such other evidence of material parts of his testimony as will tend to connect the defendant with the commission of the offense."

In Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507, 508, in the fourth paragraph of the syllabus, the court said:

"Conviction can be reversed as not supported by evidence only if no substantial evidence tends to show guilt, or evidence is so insufficient that jury must have acted from partiality, passion, or prejudice."

In Patterson v. State, 42 Okla. Cr. 255, 275 Pac. 387, in the first paragraph of the syllabus, the court said:

"Corroboration of an accomplice's testimony does not mean separate and complete proof of a crime but only that there should be some evidence of material facts in addition to the testimony of the accomplice tending to connect defendant with the commission of the crime charged."

We hold that in the record in this case there is ample corroboration of the testimony of the accomplice Virgil Cochran.

The judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.