WILLIAM HOLMES et al. v. STATE.

No. A-8176.   Dec. 4, 1931.
(5 Pac. [2d] 770.)

W. N. Maben, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Cherokee county of grand larceny, and were each sentenced to serve a term of three years in the state penitentiary.

Defendants were jointly charged with Eugene Hoskins and Drew Parris with the larceny of three spools of copper wire from the warehouse of the Bell Telephone Company at Tahlequah.  Hoskins pleaded guilty and was the principal witness for the state.  Parris was a fugitive. The only contention made that has any merit is that there is no sufficient corroboration of the testimony of the accomplice, Hoskins.  No brief has been filed by the state. The Assistant Attorney General in charge of the case for the state, after a consideration of the record, stated to the court he was unable to insist there was any substantial corroboration of the testimony of the accomplice tending to connect the defendants with the commission of the offense.  We have examined the testimony of the witnesses with care, and agree fully with the conclusion of the Attorney General that the state has been unable to corroborate the testimony of Hoskins to conform to the requirements of section 2701, Comp. St. 1921.  In substance, Hoskins testified he went from Tulsa to Muskogee with Parris, in Parris' car.  No effort was made to show there was any previous plan between Hoskins, Parris, and defendants.  Hoskins further testified he saw defendants at Tahlequah, and that Holmes suggested they rob the telephone company of copper wire.  There is no testimony that there was any plan in reference to disposing of the property when stolen, or to divide the proceeds derived therefrom.  He further testified that Holmes and Pace went to Muskogee the same day he and Parris did, but in a different car; that they stayed Fri-

day, Saturday, and Sunday night at the home of Mrs. Harris in Muskogee; that they went to Tahlequah Sunday afternoon, when the robbery took place; that on Saturday morning defendants went with him to the home of a Mrs. Wade at Muskogee. These were the only persons named by Hoskins as being present at any time when defendants were with him at Muskogee. The state did not produce Mrs. Wade nor Mrs. Harris, but Mrs. Harris was produced by defendants. She testified defendants were at her house on Friday night and left on Saturday, and she did not see them again until their arrest; that Hoskins and Parris also stayed at her house on Friday night and on Saturday night, and that they came back about 3 :30 or 4 :00 o'clock Sunday with the junk (referring to the copper wire) in the back of the car; that they wanted to put it in her barn, and she would not permit it. She is corroborated by her daughter. The state used a Mrs. Kirksey in an effort to corroborate Hoskins. She testified she conducted a grocery store near the edge of Muskogee; that at some time in the spring some men drove up to her store and used the telephone to call some one, and asked if it was safe to come in. She did not know who was talking on either end of the line. Did not give the day nor month when the conversation occurred, and could not recognize either of defendants as being any of the men. The father of Holmes was also used in on effort to corroborate, but with no sustantial result. His testimony is that he went to Muskogee in Holmes' car to ascertain why his son was in jail, that they stopped at a grocery store near Muskogee, and Holmes telephoned to some one and asked if it was safe to come in. He thought the conversation was with a Mrs. Harris, and, further, that defendant Holmes, subsequent to the larceny, painted green the wheels of his car which had previously been

yellow, stating at the time he did not want the yellow wheeled Ford to show up in Muskogee. As the larceny took place at Tahlequah, and there is no showing defendants were ever seen in the car at either Muskogee or Tahlequah, this evidence would not seem to have much probative effect. The defense was alibi.

In addition to the settled rule based upon the statute, that there cannot be a conviction unless there is proof of substantial facts tending to connect the defendant with the commission of the offense aside from and without the aid of the accomplice's testimony, it also frequently has been said that it is not sufficient corroboration merely to connect a defendant with the claimed accomplice in the crime. The evidence, independent of the testimony of the accomplice, must tend to connect the defendant with the crime itself, and not simply with the perpetrator. Flynn v. State, 10 Okla. Cr. 41, 133 Pac. 1133; Kirk v. State, 10 Okla. Cr. 281, 135 Pac. 1156; McKinney v. State, 20 Okla. Cr. 134, 201 Pac. 673; Powell v. State, 21 Okla. Cr. 332, 207 Pac. 570; Wever v. State, 22 Okla. Cr. 414, 211 Pac. 1062; Livingston v. State, 29 Okla. Cr. 247, 233 Pac. 235; Key v. State, 38 Okla. 169, 259 Pac. 659.

Upon a consideration of the entire case, we are not able to say there is any substantial evidence independent of the testimony of the accomplice which tends to connect defendants with the crime charged. There is no sufficient corroboration of the testimony of the accomplice.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.