## ROSCOE BRANT v. STATE.

No. A-8269. March 4, 1932.
Rehearing Denied April 9, 1932.

(9 Pac. [2d] 963.)

C. B. Leedy, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Ellis county of the crime of grand larceny, and his punishment fixed by the jury at imprisonment in the reformatory at Granite, Okla., for five years.

Defendant contends, first, that the evidence of the

state is insufficient to support the verdict of the jury, because the accomplice is not sufficiently corroborated.

Defendant was jointly charged with one John Fagala with the larceny of wheat belonging to one Gregory. Fagala, testifying for the state, said that he and defendant took Fagala's truck and went, late in the night, to Gregory's granary, and stole a load of wheat; that they took this wheat in a roundabout way through the town of Arnett to Fargo, a long distance from the place where the same was stolen. Defendant admits everything that Fagala testified to, except that, in explanation of his connection with the crime, he testified that he believed Fagala had bought this load of wheat from Gregory and had a right to take it and sell it, and that the defendant's connection with the transaction was entirely innocent.

The trial court instructed the jury that Fagala was an accomplice of defendant, and that a conviction could not be had upon his testimony alone; but that it was necessary for the state to establish the guilt of defendant, by other evidence, beyond a reasonable doubt.

Section 2701, C. O. S. 1921, while providing that a conviction cannot be had upon the testimony of an accomplice, unless such testimony is corroborated, only requires such corroboration as tends to connect the defendant with the commission of the crime. This corroboration need not be direct, but may be circumstantial only. It is not essential that the corroborating evidence shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. When the accomplice is corroborated as to some material fact, or facts, by independent evidence of the crime, the jury could from that infer that he spoke the truth as to all. The corroborative testimony may not necessarily fall from the lips of other

witnesses. The defendant may provide corroborative proof by his own conduct, such as by confessing the crime, by admissions on disputed points or by failure to produce available evidence.

According to defendant's own testimony, he went with Fagala, a boy only nineteen years of age, late at night, and helped him break into Gregory's granary and take wheat that Fagala claimed he had bought; helped him shovel the wheat on to the truck; bought gas for the trip made by the truck; got oil for the truck before they started on the trip; and did everything that Fagala did that would make him guilty of larceny; that defendant met Fagala at the town of Gage the next morning after the wheat was stolen; Fagala testifying he gave defendant $50 in currency at Gage, in bills of large denomination, received from the sale of the stolen wheat; that on the same morning defendant deposited $50 in cash in the bank at Shattuck. The banker at Shattuck testified that defendant deposited $50 in the bank, and that the currency was in bills of large denomination.

When arrested, defendant denied any knowledge of the larceny of the Gregory wheat, which was entirely inconsistent with the testimony given by him on the witness stand.

Fagala is not only corroborated by the admission of defendant that he went to Gage, that he talked to Fagala, but also by the fact that defendant deposited in the bank at Shattuck the same amount of money in currency that Fagala says he gave him in Gage on that day. Fagala is also corroborated by one Oakes, who was at the filling station and says he saw the defendant and Fagala engaged in close conversation on that morning.

The fact that defendant admits he went with Fagala, in the nighttime, and helped break into a granary and take wheat and haul it a long distance from his home to sell, was sufficient to put the defendant on notice that this wheat was being stolen. Honest people do not transact business in that way. Another circumstance which the jury had a right to consider was the fact that, when defendant went to Shattuck on his way to Gage to meet Fagala, he was going at least eight miles out of his way. Under the facts and circumstances in the case, the jury had a right to infer from the admissions defendant made in his testimony, and from the fact that he met Fagala in Gage and deposited the $50, that Fagala was telling the truth about defendant helping him steal the wheat and dividing the money with him after the wheat was stolen.

This court has held in numerous cases that the testimony of an accomplice need not be corroborated in every particular. The corroboration is sufficient if it covers the material portions of the testimony. If such corroboration shows that the accomplice is testifying truthfully in some particulars, the jury will be justified in inferring that he has testified truthfully concerning other matters about which there is no corroboration. Hollingshead v. State, 21 Okla. Cr. 306, 207 Pac. 104; Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507; McCurdy v. State, 39 Okla. Cr. 310, 264 Pac. 925; Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012; Patterson v. State, 42 Okla. Cr. 255, 275 Pac. 387; Fortman v. State, 45 Okla. Cr. 23, 280 Pac. 1109; Morton v. State, 46 Okla. Cr. 361, 287 Pac. 1087.

It is apparent from the record that there is considerable evidence, both direct and circumstantial, that tends to connect the defendant with the commission of this crime. That being true, the weight to be given such evi-

dence was for the jury. It was not error, therefore, for the trial court to overrule defendant's motion for a new trial on the ground that the accomplice was not sufficiently corroborated.

It is next contended that the trial court erred in permitting the county attorney, over the objection of defendant, to indorse the names of additional witnesses upon the information just before the close of the trial of this case.

The names of the witnesses which the court permitted the county attorney to indorse were the names of the witnesses against this defendant in cause No. 8270, 53 Okla. Cr. 221, 9 Pac. (2d) 965, now on appeal in this court. The purpose of permitting these names to be indorsed was to afford additional evidence corroborating the accomplice, Fagala, and also to show a plan or system on the part of this defendant to steal wheat, in connection with John Fagala and Otha Fagala. In cause No. 8270 the defendant was convicted of stealing wheat, the property of Tom Weaver, in conjunction with Otha Fagala, the brother of John Fagala, who was the accomplice in this case. The purpose of the evidence produced by these witnesses was also to show circumstances tending to establish the guilty knowledge and intent of defendant in the taking of this particular wheat.

It was within the discretion of the trial court in a case of this character to permit the indorsement of the names and testimony of additional witnesses during the progress of the trial. This evidence being competent, and no abuse of discretion appearing upon the record, it was not error for the court to permit the indorsement of the names of the additional witnesses and to permit their testimony to go to the jury.

Defendant next contends that the court erred in giving instruction No. 5, on the question of corroboration of an accomplice.

An examination of the instruction proposed by defendant and that given by the court discloses that the instruction given by the court was more favorable to the defendant than the one requested, and more favorable than the law requires, in that the court, instead of saying, "By evidence tending to connect the defendant with the commission of the crime" said: "Tending to establish the fact that the defendant did, in fact, commit the crime."

Under this instruction the court required a greater degree of proof corroborating Fagala than that fixed by the statute or the decisions of this court. The error, if any, being favorable to defendant, he cannot complain thereat.

From a consideration of the whole record, we conclude that defendant had a fair trial, and that the evidence clearly establishes his guilt. The cause is therefore affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.