## ROSCOE BRANT v. STATE.

No. A-8270. March 4, 1932.
Rehearing Denied April 9, 1932.
(9 Pac. [2d] 965.)

222

C. B. Leedy, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Ellis county of the crime of grand larceny and his punishment fixed by the jury at imprisonment in the state reformatory at Granite, Okla., for a period of three years.

In the case at bar, defendant raises the question of the sufficiency of the corroboration of the accomplice, Otha Fagala, who was jointly charged with defendant in the lower court with the larceny of wheat from one Weaver; and also raises the question of the court's instruction on the testimony of an accomplice.

The same questions were raised in the case of Brant v. State (No. 8269), 53 Okla. Cr. 216, 9 Pac. (2d) 963, decided at this sitting of the court, where defendant was charged with one John Fagala with the larceny of wheat from one Gregory.

The evidence in the case at bar being practically the same as in No. 8269, it is not deemed necessary to further

discuss those subjects in this opinion. For a statement of the facts and discussion of the law see Brant v. State, 53 Okla. Cr. 216, 9 Pac. (2d) 963.

Defendant contends that the court erred in overruling his plea of former jeopardy.

It appears from the record that an information was filed in the district court of Ellis county against the defendant and one John Fagala, charging the larceny of 88 bushels of wheat, of the value of $65, from one Jim Gregory, and trial was had thereon and defendant found guilty. It further appears from the record that another information was filed against the defendant and Otha Fagala, charging the larceny of 85 bushels of wheat, of the value of $63.75, from one Tom Weaver, which charge constitutes the case at bar. These offenses were both committed on August 6, 1930.

When the case at bar was called for trial, defendant filed his plea of former jeopardy and former conviction in the other case, and demanded an abatement thereof. Upon hearing before the court, this plea was denied, and defendant now predicates error thereon.

An examination of the motion of defendant and the evidence introduced discloses that the offenses were entirely independent and separate.

In the recent case of Orcutt v. State, 52 Okla. Cr. 217, 3 Pac. (2d) 912, this court had under consideration the question of former jeopardy, and in the body of the opinion, at page 221, said:

"A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that

it is impossible to separate the evidence relating to them on the trial of the one of them first had."

For a full discussion of the question, see Orcutt v. State, supra.

In Harris v. State, 17 Okla. Cr. 69, 175 Pac. 627, this court said:

"Where the plea of former acquittal shows an acquittal of an offense other than that for which defendant is informed against and placed on trial, the failure of the trial court to submit the issue of former acquittal to the jury under such circumstances was not error."

There is no merit in defendant's contention of former jeopardy.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.