## WADE ANDERSON v. STATE.

No. A-8292.   May 28, 1932.
(11 Pac. [2d] 1081.)

334

Guy D. Talbot and John P. Evans, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Alfalfa county of the crime of larceny of cattle, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that five calves of the value of $125 were stolen by Ralph Smith, Roy Clary, and defendant from one W. O. Steward; that Smith and Clary pleaded guilty prior to this trial, and were each sentenced to serve a term of two years imprisonment in the state penitentiary; that they testified against defendant that, beginning in the spring and continuing through and to the 6th day of September, 1930, defendant at various times suggested that, if they would get some calves out of pastures near their home, he would buy them so they could all make some money; that on the 6th day of September, 1930, they went to a pasture near the home of Smith, and there stole five calves, delivering them to defendant at his home, some twelve miles distant, at about 3 o'clock in the morning; that defendant knew these cattle were stolen at the time they were delivered to him.

Defendant admitted receiving the cattle, but claimed to have bought them in good faith.

Defendant contends that the evidence is insufficient, because Smith and Clary being accomplices, there was not sufficient corroboration of their testimony.

The court instructed the jury that Smith and Clary were accomplices, and that defendant could not be convicted upon their testimony alone, but that they must be corroborated by evidence, facts, and circumstances tending to connect the defendant with the commission of the crime.

Smith and Clary are corroborated by the fact that defendant only paid $50 for the five head of cattle stolen, while the evidence was that they were worth at least $125, which payment was made by check that was later burned by defendant when the cattle were traced to his place. They are further corroborated by the fact that Smith did take cattle to Anderson's place late at night, a distance of over twelve miles from where Smith lived. This is a strong circumstance tending to show that Smith had some previous understanding with Anderson as to these particular cattle. They are further corroborated by the fact that, when Anderson was first approached, he claimed he only bought three head of cattle from Smith, and later, in the presence of Smith, admitted that he got five head from Smith, that he had butchered one (Smith says because it was peculiarly marked and would be easy to identify), and that the other one died. These admissions of defendant that he had not told the truth on previous occasions about how many cattle he had received from Smith was another strong circumstance tending to show participation in the larceny. They are further corroborated by the fact that, after the cattle had been located by the owner and the officers, defendant went with Smith to see Steward to try to compromise the case and prevent the filing of any criminal charges.

In Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507, 509, this court said:

"The court instructed the jury that the witness Durie was an accomplice of the defendant, and submitted the question of the sufficiency of the corroborating evidence to the jury under proper instructions, and we think there was ample evidence to justify the submission thereof. Whether there was any corroborating evidence was a ques- of law for the court, but the sufficiency thereof was a question of fact for the jury. * * *

"The law prescribes no standard for the strength of the corroborating evidence, and there is a failure to corroborate only if there be no evidence legitimately having that effect."

It has been often held by this court that the testimony of an accomplice need not be corroborated in every particular. The corroboration is sufficient if it covers the material portions of his testimony. McCurdy v. State, 39 Okla. Cr. 310, 264 Pac. 925; Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012; Varner v. State, 42 Okla. Cr. 42, 274 Pac. 43; Patterson v. State, 42 Okla. Cr. 255, 275 Pac. 387; Fortman v. State, 45 Okla. Cr. 23, 280 Pac. 1109; Morton v. State, 46 Okla. Cr. 361, 287 Pac. 1087.

In the case at bar, as a matter of law, there is corroborating evidence the weight of which was for the jury. Under this rule there is no merit in defendant's contention.

Defendant next contends that the court erred in refusing to give the following instruction:

"You are instructed that the information in this case charges larceny of cows, and in this connection you are instructed that if you find the defendant guilty, you must find him guilty of the precise offense charged in the information and that you would not be justified in finding him guilty because you believe from the evidence beyond a reasonable doubt that he received possession of stolen property with knowledge that it was stolen."

An examination of the record discloses that the instructions given by the court on its own motion covered all the issues in the case, and expressly limited the jury to a conviction for the offense charged in the information.

The errors of law complained of being without merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.