KEITH UNDERHILL v. STATE.

No. A-9655.   July 3, 1940.

(104 P. 2d 447.)

Wimbish & Wimbish, of Ada, and Millard Lowrance, of Sulphur, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant Keith Underhill was charged by information on May 18, 1938, in the district court of Carter county with the offense of grand larceny; was tried, convicted, and sentenced to serve a term of two years in the state penitentiary, and appeals.

The evidence in this case is conflicting and contradictory.

According to the evidence offered by the state, on or about January 10, 1938, 54 spools of 4-point barb wire and

56 sacks of cotton seed cake of the value of $310.50 were taken from a barn on the ranch of Lloyd Noble in Carter county, apparently first having been loaded in a light truck with Firestone tires and then some distance away transferred to a heavier truck. A pick-up used on the ranch had tires of similar tread. Some 28 spools of the wire were found in a cave three-quarters of a mile from defendant's home in a pasture used by the defendant for his horses. From the tracks found, the wire had been hauled to the cave in a wide-tired wagon. The defendant had a wide-tired wagon.

The testimony was offered that 4-point barb wire was more expensive than ordinary barb wire and was not much used in Oklahoma; 4-point barb wire, made by the same manufacturer as that alleged to have been stolen, was found on the ranch of the defendant's son-in-law in McCurtain county.

Slip Uptagraff testified that he hauled about 20 spools of 4-point wire and about 20 sacks of cake for the defendant from his home in Johnston county to McCurtain county under the defendant's direction in the last part of February, 1938; that he left the defendant's home about 4 o'clock in the morning before it was daylight.

The defendant took the stand on his own behalf and testified that he did not know anything about the wire found in the cave; that it was not his wire; that he did not know where Lloyd Noble's ranch was; that he had not been in Carter county about January 10, 1938; that he had Uptagraff haul some 2-point wire for him that he had bought at Mill Creek and some cake that he had bought in Paris, Tex., to his place in McCurtain county; that this was hauled about 2 o'clock in the afternoon and not 4 o'clock in the morning.

Harve Guest testified for the defendant that he worked for the defendant; that there was some 2-point wire piled up on the defendant's place in plain sight; and that this wire was hauled to McCurtain county by Uptagraff about 4 o'clock in the afternoon.

The sheriff and deputy sheriff of Johnston county testified on behalf of the defendant that they were present when the 28 or 29 spools of 4-point barb wire were found in the pasture about a mile from defendant's house; that a man named Lucen, who lived about two miles north of this pasture, had fenced the north side of his pasture with new 4-point barb wire; that Lucen was out on the scout.

Many questions are raised by the defendant in his brief. However, in the disposition of this case these questions will be considered together under the discussion of the sufficiency of the evidence to support the conviction.

The defendant's first contention is that the evidence is insufficient to support a verdict of guilty. That the evidence, considered in the most favorable light to the state, shows only a constructive possession of stolen property, by the defendant in Johnston county; and that under the state's proof, the most that the defendant could be guilty of would be the offense of receiving stolen property in Johnston county.

In order to constitute the crime of larceny, it is essential that the accused should have taken, or aided and abetted in the taking of, the property from the possession of the owner. The doctrine is stated thus in 25 Cyc. p. 18:

"The first requisite of larceny is taking possession of goods by the thief. Taking and carrying away being essential elements of the crime of larceny, no subsequent connection with the property stolen can make one guilty of theft who was not connected with the original taking."

The defendant alone was charged with the offense herein. The evidence strongly points to some person connected with the ranch of the prosecuting witness as being the person who actually committed the theft, as it is practically admitted by the state that the pick-up on the ranch of Mr. Noble was used to haul the stolen property from the place where it was stored on the ranch to a larger truck two or three hundred yards away. No one testified that he had ever seen this defendant in Carter county. The defendant lives in Johnston county, and testified he did not know the location of the Noble ranch. The proof does not show that he even owns a pick-up or a truck. It does show that he owned a wide-tired wagon which might have been used in the hauling of the wire which was found in the McClish pasture.

The evidence, though conflicting, would be sufficient to have sustained a verdict of conviction of receiving stolen property in Johnston county. There is not even any circumstantial evidence to show that the defendant participated in any manner in the original asportation of the property.

It is true that the possession of recently stolen goods is a strong circumstance to be considered in a larceny prosecution; but the possession of stolen property alone, and without any additional testimony, will not sustain a charge of larceny. It may be slight and wholly circumstantial, but there must be some evidence to connect the defendant with the original asportation. When the state does not have this proof the accused should not be charged with larceny, but with the offense of receiving stolen property.

In the case of Cox v. State, 15 Okla. Cr. 133, 175 P. 264, it is stated:

"Proof of the possession of stolen property is alone not sufficient to warrant conviction, but where there is

other proof supporting the inference sufficient to warrant submission of the issue to the jury, this court will not disturb their findings thereon."

In this case the possession of the stolen property by the defendant is denied. The defendant's proof shows that the property where the wire was recovered was about a mile from the defendant's ranch; that the property was leased to one McClish; that Dick Baber lived in the pasture where the wire was found, and closer to where the wire was found than the defendant.

The case seems to be governed by the case of Lynn v. State, 63 Okla. Cr. 55, 72 P. 2d 846, 848. In disposing of that case, this court used the following language:

"The rule of law announced by this court in many decisions is that the possession of property recently stolen, unexplained, is a circumstance to be considered and given such weight as the jury may see fit. Cox v. Territory, 2 Okla. Cr. 668, 677, 104 P. 378; Blumhoff v. State, 29 Okla. Cr. 4, 231 P. 900; Chisman v. State, 22 Okla. Cr. 52, 209 P. 656. This is the general rule where the question of possession is undisputed; but where the question of possession is denied, the general rule is stated in Underhill on Criminal Evidence, p. 361, where it is said: 'Not only must the possession be recent, but it must be personal, exclusive, and with a distinct, implied or express assertion of ownership. If these essentials are not proved, a conviction based on the fact of possession must be set aside. A mere constructive possession is not enough. The accused will not be presumed to have stolen articles which he does not know he possesses. If other persons have equal right and facility of access with him to a room, trunk or closet where stolen goods are discovered, possession, not being exclusive or personal, is of no value as evidence.' * * *

" 'It would be carrying the rule too far to require one accused of crime to explain the possession of stolen property, when such possession could also, with equal right, be attributed to another. Hence the mere fact of finding

stolen property on premises, or any other place, to which many others have free access, without showing his actual, conscious possession thereof, discloses only prima facie constructive possession, and is not such possession as will justify an inference of guilt by reason thereof.' "

The statute of limitations will not bar the prosecution tfor the offense of receiving stolen property until January, 1941. There are sufficient circumstances in this record which, if believed by a jury, would sustain a conviction for receiving stolen property in Johnston county, and this court recommends that a prosecution for that offense be there instituted.

The demurrer of the defendant to the evidence of the state and his motion for a direct verdict of not guilty should have been sustained. The judgment of the district court of Carter county is reversed, and the defendant is hereby discharged.

DOYLE, P. J., and BAREFOOT, J., concur.