### G. T. JEFFRIES v. STATE.

No. A-2284.   Opinion Filed February 17, 1917.

(162 Pac. 1137.)

1.   EVIDENCE—Evidence on Former Trial—Witness—Identification Indorsement on Information.  Where the testimony of a witness was given at a preliminary hearing; where the defendant had an opportunity to cross-examine him, and such testimony is properly preserved, **held** that, if the witness is not present at the final trial, and the state shows it has, used due diligence to ascertain his whereabouts, and has been unable to ascertain the same, or serve him with subpoena, to all intents and purposes he is beyond the jurisdiction of the court, and his former testimony may be read to the jury.

And **held,** further, that it is immaterial that the names of the witnesses used by the state to identify the former testimony, to prove the defendant had been confronted by the witness, and that the witness was then beyond the jurisdiction of the court, were not indorsed upon the information.

2. **APPEAL AND ERROR—Harmless Error—Instructions.** When the unimpeached evidence of a number of eyewitnesses and the testimony of the defendant himself sustains the verdict, and proves the defendant's guilt beyond a question of doubt, this court will not reverse the case because of a technical defect in an instruction upon an immaterial issue.

3. **SAME—Verdict—Forms.** The jury have a right to formulate their own verdict, or to return into court and request other forms, if they so desire; and, where they sentence the defendant to four years in the penitentiary, there is no merit in the contention that the defendant was prejudiced because the court did not furnish the jury with a form of verdict by which they could have sentenced him to one year in the county jail.

*Error from District Court, Okmulgee County; Wade S. Stanfield, Judge.*

G. T. Jeffries was convicted of assault with intent to kill, and he brings error. Affirmed.

*Eaton & Cowley,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. Plaintiff in error in this case, who will be referred to as defendant, was tried in the district court of Okmulgee county, and convicted of assault with intent to kill, and sentenced to serve a term of four years in the penitentiary.

The material facts, as developed by the state, are: That the defendant, G. T. Jeffries, and the prosecuting witness, Fred Hall, were employed in drilling a well for oil. That they had some words, in which insulting language was used by Hall toward the defendant. That defendant retired from the scene for a few minutes, and then returned. At that time Hall was stooping over, ex-

amining the threads of a piece of casing, which he was preparing to put down into the well. That while in that position, the defendant struck him on the head with something, crushing his skull and rendering him unconscious. That defendant, after seeing his unconscious condition, called him by an unmentionable name, and advised that if they would throw a bucket of water on him, "it would bring him to." That Hall remained in a critical condition for days, but finally recovered. The state's evidence further showed that defendant told one Ed. Belmay that he struck Hall with a hatchet. That defendant, before being arrested, left the state, and was arrested in the State of Louisiana.

The defendant pleaded self-defense, and testified that Hall had threatened to brain him with a sledge hammer; that he went out of the derrick, and was gone a few minutes, and when he returned, "Hall was down looking at the casing, * * * and Hall reached right around and picked up this sledge. When he saw me he dragged it over to him, and says, 'What are you doing here; didn't I tell you to stay out of here?'" He was then asked, "What occurred after that, Mr. Jeffries?" "I hit him," was the reply. He denied that he struck Hall with a hatchet, but claimed that he struck him with a piece of shovel handle, and further denied that he told Belmay that he struck him with a hatchet. He also testified that he left the state, not to evade the law, but because he feared violence at the hands of Hall's friends.

1. The defendant complains because the court permitted the state to read the testimony of the witness Belmay to the jury. This witness was not present at the final trial. And the state was permitted to read to the jury the testimony he gave at the preliminary hearing. The

objection to this is based upon the contention: First, that the state only proved by hearsay that Belmay was absent from the state; and, second, that the names of the stenographer who identified the evidence as that taken at the preliminary, and the witnesses used to prove Belmay's absence, were not indorsed on the information. And defendant relies upon *Driggers v. U. S.*, 1 Okla. Cr. 167, 95 Pac. 612, 129 Am. St. Rep. 823, to support his first contention. But the doctrine announced in *Driggers v. U. S.* has never been followed by this court, and, we think, is not the law. Under the doctrine insisted upon by the defendant, the state would not be allowed to use the former testimony of an absent witness, unless it could produce some one who saw him cross the state line, and could then swear with equal positiveness that he had never returned. Such was never contemplated by the law. But this court has followed the doctrine announced by Mr. Wigmore that:

"If the witness has disappeared from observation, he is in effect unavailable for the purpose of compelling his attendance. Such a disappearance is shown by the party's inability to find him after diligent search. The only objection to recognizing this ground of unavailability is the possibility of collusion between party and witness; but, supposing the court to be satisfied that there has been no collusion, and that the search has been *bona fide*, this objection loses all of its force. For former testimony this cause of unavailability has long been recognized." (Wigmore on Evidence, vol. 2, par. 1405.) *Warren v. State*, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; *Edwards v. State*, 9 Okla. Cr. 306, 131 Pac. 956, 44 L. R. A. (N. S.) 701; *Henry v. State*, 10 Okla. Cr. 369, 136 Pac. 982, 52 L. R. A. (N. S.) 113.

In the case at bar the county attorney, sheriff, and his deputy show by their testimony, and the return of

the subpœna, that they had made diligent search and inquiry to ascertain the whereabouts of the witness, and were repeatedly informed that he had gone to Arkansas. This testimony, that the witness had gone to Arkansas, the defendant insists was mere hearsay, and did not establish the fact that he was beyond the jurisdiction of the court. But whether he was in Arkansas or secreted somewhere else, he was beyond the reach of process, and to all intents and purposes beyond the jurisdiction of the court, coming squarely within the rule announced by this court in *Warren v. State, supra,* to the effect that testimony at a former trial may be used if the whereabouts of the witness cannot, with due diligence, be ascertained. In *Edwards v. State, supra,* the late Judge Furman, in an able and elaborate opinion, sets this question at rest. And in *Warren v. State, supra,* he also answers the second objection of defendant, which is that the names of witnesses used by the state to identify the evidence of Belmay and to show that the defendant had been confronted by him and had opportunity to cross-examine him, and that Belmay was then beyond the jurisdiction of the court, were not indorsed upon the information. The name of Belmay was indorsed upon the information as a witness, and the defendant should have anticipated he would testify. But the witnesses complained of because their names were not indorsed upon the information were not used to prove a single allegation of the information, but their testimony was simply preliminary to the introduction of the testimony of the witness Belmay, given at a preliminary hearing; and it was immaterial that their names were not indorsed upon the information.

2. The next assignment of error is based upon an instruction of the court, which is as follows:

"You are instructed that flight, when unexplained, raises a presumption of guilt. Therefore, if the jury believe and find from the evidence in this case beyond a reasonable doubt that the defendant, recently after the commission of the offense alleged in the information, fled from Okmulgee county to avoid arrest and trial for the assault on the witness Hall, then you may take this fact into consideration, together with all other facts in evidence in determining his guilt or innocence."

The word "presumption," we think, as used in this instruction, does not, with technical accuracy, state the law. Flight is only a circumstance tending, in some degree, to prove consciousness of guilt, and, when taken in connection with all the other evidence in the case, its significance or insignificance is to be determined by the jury. But while the learned trial judge used the word "presumption" in this instruction inadvisedly, yet the instruction, taken as a whole, tells the jury that they shall only consider flight in connection with all the other facts and circumstances in evidence, in determining the defendant's guilt or innocence. Consequently the contention of the defendant that this instruction in effect charged the jury that the fact of flight alone was sufficient evidence upon which to base conviction is not well taken.

Besides, in this case, if the question of flight had been entirely eliminated, the positive evidence of a number of eyewitnesses, and the testimony of the defendant himself, established the defendant's guilt beyond a shadow of a doubt. If this were a case in which the state relied upon circumstantial evidence, or if it were a closely controverted question as to what was done, or who did it, we would consider more seriously the probable effect of this instruction. But when the unimpeached evidence of a number of eyewitnesses, and the testimony of the de-

fendant himself, sustains the verdict and proves his guilt beyond a question of doubt, this court will not reverse the case because of a technical defect in an instruction upon an immaterial issue.

3. Defendant also complains because, among the forms of verdict furnished the jury, there was no form furnished "wherein the jury, if they found the defendant guilty of assault with a dangerous weapon, could have sentenced the defendant to imprisonment in the county jail not exceeding one year." The jury had the right to formulate their own verdict, or to return into court and request other forms, if they so desired. But in this case there is no indication that the jury considered the question of even giving the defendant only one year in the penitentiary, much less one year in the county jail. Hence we are unable to appreciate the suggestion that he was prejudiced by the absence of this form of verdict.

There are other assignments of error, but we think under the record before us the matters complained of did not prejudice the substantial rights of the defendant.

The judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.