## LUTHER PIERCE et al. v. STATE.

No. A-5552. Opinion Filed Aug. 21, 1926.
(248 Pac. 654.)

D. E. Ashmore and A. W. Anderson, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiffs in error, hereinafter called defendants, were convicted in the superior court of Okmulgee county on a charge of larceny of domestic animals, and sentenced to serve a term of four years in the state penitentiary.  The facts shown by the record are that in May, 1924, one Harcourt, at Spelter City, had a milk cow stolen from his lot.  The next morning he and some neighbors tracked the cow to defendants' premises.  About 5 o'clock on the morning of the same day the defendants, who were in the butcher business, but the carcass of a beef in a cold storage plant.  Some of Harcourt's neighbors, with a deputy sheriff, found the hide of the stolen cow in a towsack hidden in a creek near the home of defendants.  On the afternoon of that day Norman Anderson, a 16 year old boy who worked for defendants, was seen burning the offal of a slain animal on the premises of defendants.  When questioned, this boy at first denied any knowledge of the butchering of any animal, but later admitted his connection with it, and at the preliminary hearing testified that about 10 o'clock on the night the cow was stolen he assisted defendants in butchering the cow and in concealing the hide.  Defendants denied any knowledge of the stolen cow, or the hide found near their premises. At the trial the witness Norman Anderson was not found,

and a transcript of his evidence at the preliminary was used.

The only assignment of error argued is that the evidence of Norman Anderson taken at the preliminary was improperly admitted. It is contended that there was no sufficient showing that the evidence of this witness was taken at the preliminary, or that the transcript was in fact his testimony, or that the transcript had been filed with the court clerk, or that such transcript was correct. The admissibility of a transcript of evidence taken at a preliminary has been considered by this court in the following and other cases: Wadsworth v. State, 9 Okla. Cr. 4, 130 P. 808; Edwards v. State, 9 Okla. Cr. 306, 131 P. 956, 44 L. R. A. (N. S.) 701; Stealer v. State, 10 Okla. Cr. 460, 138 P. 395; Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Jeffries v State, 13 Okla. Cr. 146, 162 P. 1137; Fitzsimmons v. State, 14 Okla. Cr. 80, 166 P. 453; Baldock v. State, 16 Okla. Cr. 203, 182 P. 265.

From these various cases it may be said that the rule is well settled that, where a witness has testified at a former trial, or at a preliminary hearing, and the defendant had an opportunity to cross-examine him, the evidence so given may be read as the evidence of the witness at a subsequent trial where the witness is dead, is out of the jurisdiction of the court, or his whereabouts is unknown, or his presence with due diligence cannot be obtained, or where he is sick and unable to testify.

It is not necessary that the transcript should be filed in the trial court (Baldock v. State, supra), and it is probably not necessary in every case that the evidence of the witness should have been taken in shorthand or transcribed (Wadsworth v. State, supra). In this case the objection to the transcript seems to be directed principally to the contention that there was not sufficient preliminary

proof of the absence of the witness. The correctness of the transcript appears not to have been questioned in the lower court, and is not questioned here.

Without reciting in detail the evidence of the various witnesses as to the effort made to find the witness Anderson, we think there is sufficient showing that the witness had left the state of Oklahoma, and his presence could not be had.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.