ANDREW HOUSER v. STATE.

No. A-5787.  Opinion Filed Nov. 24, 1928.
(271 Pac. 857.)

B. C. Wieck and J. E. Burns, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.    The plaintiff in error, Andrew Houser, hereinafter called the defendant, was in the district court of Kay county, Okla., March 26, 1924, charged with the murder of Howard Fleming. On a trial by a jury a verdict finding the defendant guilty of manslaughter in the first degree and fixing his punishment at imprisonment in the state penitentiary for a term of 20 years was rendered. Motion for a new trial was filed and overruled, and defendant duly excepted.

A number of errors are assigned and argued. It is deemed necessary to make a brief statement of the evidence introduced by the state and the defendant. The undisputed evidence shows that the defendant and the deceased were not acquainted; that the evening of the killing the defendant went to the Central Rooms in Three Sands, in Kay county, for the purpose of calling the proprietor, a Mr. Hanks, who wanted to ride with the defendant to Ponca City, in his car. Upon entering the rooms, the defendant stopped at the first door which was open, and made inquiry for the proprietor. He learned the proprietor was not in the room, but the deceased asked him to come on and take a drink, and, when defendant refused, he became angry, and grabbed the deceased by the neck, and was holding him, indicating to him that he wanted to force some whisky down his throat; that defendant knocked the bottle of whisky out of deceased's hands, and attempted to leave the room, but was caught by the deceased, and, while the deceased was holding him by the throat, and was forcing the

defendant against the wall, and had jammed his head against the wall several times, the defendant drew his pistol, and struck the deceased once or twice on the head with the same. The deceased and defendant began scuffling, and the pistol was fired, and deceased fell, and died shortly thereafter. The testimony is not clear as to just what took place between the defendant and deceased, but it does show that the defendant struck the deceased one or more times to get loose from him, and that the deceased was either knocked loose, or he turned the defendant loose, and they became engaged in a scuffle over the pistol that defendant had been striking the deceased with.

The state's testimony tends to show that the defendant shot the deceased while engaged in a scuffle with him. The testimony of the defendant is, in substance, the same as of the state, except it is the contention of the defendant that, when he entered the room, the deceased asked him to take a drink, calling him a vile name, and, when defendant declined to take a drink, the deceased undertook to pour the whisky into defendant's mouth, caught the defendant by the throat, and was choking the defendant and battering his head back against the wall of the room. The testimony of defendant further tends to show that defendant drew his pistol and struck the deceased on the head and knocked him loose from him, and deceased grabbed hold of the pistol, and in the scuffle the pistol was discharged and killed the deceased. The defendant contends that he did not intend to shoot the deceased, and that he did not do so, but that the pistol was pulled off in the scuffle in which the deceased and defendant were engaged, with no intention on his part to kill the deceased.

The first assignment urged by the defendant is that the court erred in admitting the transcript of the evi-

dence of Alvin H. Cooper; he not being present to testify. As a predicate for this testimony, it appears that the state, in order to secure the attendance of Alvin H. Cooper, had subpoenas issued and sent to different places where it was thought he was residing, and there failed to locate Cooper or secure any information as to his whereabouts. It is urged by the defendant that a sufficient predicate was not shown to warrant the admission of the witness Cooper's testimony, taken in the preliminary hearing; in other words, that due diligence had not been used by the state in order to secure the attendance of Cooper as a witness. It is a well-established doctrine of this court that, where the testimony of the witness was given at a preliminary examination, and was taken down by the court reporter in the presence of the defendant, and where the defendant had an opportunity to cross-examine the witness, and such testimony was reported and filed with the clerk, the transcript of the witness' testimony is admissible, where the witness is not present, and cannot be found in the jurisdiction of the court. Valentine v. State, 16 Okla. Cr. 76, 194 P. 254; Clark v. State, 25 Okla. Cr. 403, 220 P. 974.

The record in this case discloses that, when the subpoenas were issued for Alvin H. Cooper, one of them was directed to F. M. Fleming, Drumright, Okla., and that said F. M. Fleming was an uncle of the deceased, who was a constable at Drumright, Okla. There was no showing or return by the sheriff of Creek county that he had made any effort to serve a subpoena on the witness Cooper, or that he had been unable to find him within the county. We hold that the showing made by the state was insufficient to entitle the state to introduce the transcript of the testimony of the witness Alvin H. Cooper, taken at the preliminary trial, but, as the record discloses that the testimony of the absent witness was cumulative, and only tended to show there was a difficulty in the

rooms where the killing took place, the admission of the transcript of the testimony was not sufficient error to warrant this court in reversing the case.

It is next urged by the defendant that there is no evidence to support the verdict rendered by the jury, and that the said verdict is contrary to all the evidence on behalf of the state and the defendant. The only conflict in the testimony is on the question as to whether or not the defendant, after he and deceased had engaged in a difficulty, shot the deceased, or whether or not, in the scuffle over the pistol, the gun was accidentally discharged. This question was properly submitted to the jury by the court. The jury are the sole and exclusive judges of the credibility of the witnesses and the weight and credit to be given their testimony. Where there is a clear conflict in the evidence as in this case, this court will not substitute its judgment on the question of the weight of the evidence for that of the jury, provided there is competent evidence from which the jury may reasonably conclude the defendant was guilty of the crime charged. Davis v. State, 10 Okla. Cr. 169, 155 P. 438; Cole v. State, 18 Okla. Cr. 430, 195 P. 901; Murnand v. State, 18 Okla. Cr. 426, 195 P. 787.

From an examination of the record, we find the evidence is sufficient to sustain the verdict. However, as the record in this case does not disclose any malice on the part of the defendant, but seems to be a meeting of strangers, where a difficulty took place over a trivial matter, without any intent on the part of the defendant to harm the deceased, we do not think the crime justifies as severe a sentence as was imposed upon the defendant by the jury.

In view of the facts disclosed by the record, we are of the opinion that the penalty should be modified to con-

finement in the state penitentiary at McAlester for a term of 6 years. With this modification, the judgment of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.