## CLAUDE ALEXANDER et al. v. STATE.

No. A-7849.   Opinion Filed May 9, 1931.
(299 Pac. 237.)

Floyd Wheeler, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the superior court of Okmulgee county of grand larceny, and were sentenced to terms in the state penitentiary as follows: Defendant Willis Alexander, a term of three years; defendant Cecil Alexander, a term of one year, and was paroled by the court; defendant Claude Alexander a term 18 months; defendant Frank Alexander was acquitted.

The first contention argued is that there is no proof of venue; that, if there is any sufficient proof of crime, it is that of a burglary committed in Wagoner county and not a larceny in Okmulgee county. This contention is not tenable. The evidence is that the property in question was stolen on the occasion of a burglary in Wagoner county, but there is proof of an asportation of the property thus stolen into Okmulgee county. This is a continuation of the offense in the latter county. Section 2433, Comp. St. 1921; Hensley v. State, 34 Okla. Cr. 345, 246 Pac. 886.

Complaint is next made that there was prejudicial error in admitting incompetent evidence. At the preliminary trial before a justice of the peace, sitting as a committing magistrate, one Maxwell, a witness for the state, gave damaging testimony against defendants. None of this testimony in the preliminary trial was reduced to writing nor taken in shorthand. Prior to the trial, a subpoena was issued for Maxwell to Wagoner county which was returned not served. The witness was shown to be at some place in Woodward county. The state then called the justice of the peace who held the preliminary examination, and permitted him to testify, over the objection of defendants, the substance of the testimony of Maxwell.

It is argued the admission of this testimony violates the constitutional right of confrontation as well as the general rule against hearsay testimony. Section 20, art. 2, of the state Constitution, is identical with Amendment 6 of the federal Constitution, and provides:

"In all criminal prosecutions the accused * * *shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him. * * *"

The substance of this guaranty is also in section 2349, Comp. St. 1921.

Section 1, c. 68, Session Laws 1913, being section 2491, Comp. St. 1921, referring to preliminary trials, in part, is as follows:

"First: The witnesses must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the county attorney, or the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate, and may be used as provided in section 6676 (2536) of this compilation. In no case shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the county attorney."

Section 2536, Comp. St. 1921, therein referred to, is:

"In the investigation of a charge for the purpose of presenting an indictment or accusation, the grand jury may receive the written testimony of the witnesses taken in a preliminary examination of the same charge, and also the sworn testimony prepared by the county attorney, without bringing those witnesses before them, and may hear evidence given by witnesses produced and sworn before them, and may also receive legal documentary evidence."

It has often been held by this court that, if an accused has once had his right to confront the witnesses against him and an opportunity to cross-examine, his constitutional right of confrontation is not violated by the admission of the written testimony of such witnesses at a subsequent trial. Warren v. State, 6 Okla. Cr. 1, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Wadsworth v. State, 9 Okla. Cr. 84, 130 Pac. 808; Stealer v. State, 10 Okla. Cr. 460, 138 Pac. 395; Pierce et al. v. State, 35 Okla. Cr. 67, 248 Pac. 654; Williams v. State, 42 Okla. Cr. 399, 276 Pac. 515; 2 Wig. on Ev. § 1364, notes; 16 C. J. 839.

In no case has this court held that the testimony of a witness given at a preliminary or a former trial, and not reduced to writing at the time nor taken in shorthand and transcribed, may be proven by witnesses who were present and heard such testimony. It was suggested by way of dictum in the case of Wadsworth v. State, 9 Okla. Cr. 84, 130 Pac. 808, that such testimony might be admissible. There is a division in the authorities in cases from other jurisdictions; but, where such evidence is held admissible, the cases are in such conflict as to the circumstances, limitations, and conditions under which the testimony will be admitted that no general rule can be stated. The trial judge is not to be criticized for admitting the testimony, for the question is extremely close. The testimony is hearsay, and has been generally regarded as such by those courts which have held it admissible. It has been admitted, not in conformity with any general rule, but as an exception to the rule, and as a necessity to prevent a manifest failure of justice and as a matter of public safety, somewhat in the class of a dying declaration. Where the proper predicate is laid, such oral testimony is admissible. Mattox v. U. S., 156 U. S. 237, 15 S. Ct. 337, 39 L. Ed. 409; 22 C. J. p. 427, § 510f, notes. The rule

of necessity, however, has less application in the instant case than in the case of a dying declaration or in the case where the witness since giving the former testimony has died, become insane, or has left the state, or is sick and unable to testify. Under our law governing criminal procedure, the state may preserve the testimony of a witness given at a preliminary trial or may require a bond for the appearance of the witness at the subsequent trial. Ordinary caution would suggest that, in the case of important witnesses, the state should preserve such evidence by having it reduced to writing or require a recognizance for the appearance of the witness. Before oral proof of the testimony of the witness given at a preliminary or former trial is admissible, there must be proof of the death, insanity, illness, or absence of the witness from the state, or that with due diligence the witness cannot be found. It is not a sufficient predicate to show the witness is in another county, where there was no diligence to procure his attendance by issuing a subpoena to that county. Such testimony is not to be admitted on a slight showing such as appears in the record before us. Such testimony is admissible only after a substantial predicate is proven and as a matter of necessity to prevent a miscarriage of justice.

Under the showing made in the instant case, the admission of the evidence was prejudicial error, requiring a reversal.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.