## FRANK RICE v. STATE.

No. A-9096.  April 9, 1937.
(64 Pac. [2d] 1240.)

W. C. Henneberry, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Holly L. Anderson, Co. Atty., for the State.

BAREFOOT, J.   In this case the defendant was convicted of burglary in the second degree.   He was charged in the information with having heretofore been convicted of the same crime and of having served a two-year term in the state reformatory at Granite.   He was convicted and his punishment fixed at a term of ten years in the penitentiary.   The verdict of the jury was as follows:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant Frank Rice guilty of burglary in the second degree, as charged in the information herein, and fix his punishment at confinement in the state penitentiary at McAlester, Okla., for a period of ten years."

The defendant excepted to the verdict, and the first assignment of error is:   The verdict is contrary to law, for the reason that the jury, by its verdict, failed to state that he had formerly been convicted and sentenced to serve a term in the penitentiary.

In support of this contention defendant cites the case of Ex parte Daniels, 119 Cal. App. 350, 6 Pac. (2d) 549, a California case.   A careful reading of this case and the California cases cited therein, and relied upon, are based upon the fact that California has an express statute which required the jury to pass upon the question of prior conviction.   The California Penal Code, § 1158, provides:

"Whenever the fact of a previous conviction of another offense is charged in an indictment or information, the jury, if they find a verdict of guilty of the offense with which he is charged, must also, unless the answer

of the defendant admits the charge, find whether or not he has suffered such previous conviction."

Oklahoma, and practically every other state, has no such statute. The case of State v. Dale, 110 Wash. 181, 188 P. 473, 476, carefully distinguishes between the general rule, as adopted in the great majority of the states, and the rule adopted by California under the statute above quoted. The court in that case says:

"In view of what may occur upon a new trial of this case, we deem it proper to make some observations relative to remarks of the court in State v. Dericho [107 Wash. 468], 182 Pac. 597. The following is all that was said in that decision touching the question of submitting to the jury the question of former conviction of the defendant:

" 'Nor did the court err in instructing the jury to find whether or not appellant was formerly convicted, as a verdict finding a prior conviction is generally held essential to empower the court to impose the increased punishment provided by the act. State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449, supra; People v. Dueber, 34 Cal. App. 686, 168 Pac. 578; People v. Franklin, 36 Cal. App. 23, 171 Pac. 441; Evans v. State, 150 Ind. 651, 50 N. E. 820.'

"A casual reading of these remarks might suggest the conclusion that the court was of the opinion that it would be necessary to have a special finding of the jury upon the question of the defendant's former conviction in a case of this nature. We think, however, the language will not bear such construction, when read in the light of the decisions therein cited. A reference to the cited California cases will disclose that a special verdict upon the question of former conviction was required by express statute of that state, that is, it was required at the time of rendering the decisions in those cases, though apparently it was not required at the time of rendering the decision of the California court in the case of People v. Delany [49

Cal. 394] above noticed and quoted from. Referring to the cited Indiana case, we find its holding to be, in substance, that a general verdict of 'guilty as charged' constitutes a finding against the defendant upon the question of his prior conviction as charged, there appearing to be no statute in Indiana calling for a special verdict upon that question. We think, therefore, that the above-quoted language from State v. Dericho is only a recognition that the question of a defendant's former conviction in such cases is a jury question, and is not a holding that a special verdict on that question is necessary to sustain a conviction of the aggravated offense."

In the very beginning of the trial of the case counsel for the defendant admits in open court that the defendant had been previously convicted. The record shows the following proceedings:

"The Court: Are you ready? Mr. Henneberry: Comes now the defendant and admits prior conviction. The Court: Does what? Mr. Henneberry: We admit we have been previously convicted. The Court: Well, you are doing that so you can take the stand. Mr. Henneberry: No, no, no. The Court: What is the purpose of it? Mr. Henneberry: The County Attorney then can't read the fact that he has been previously convicted. Mr. Conway: The jury has to pass on that. Mr. Henneberry: Now, let me tell you, the only purpose in the world of the prior conviction being mentioned in the information is because— The Court: Is to affect his credibility. Mr. Henneberry: No, no, to fix his punishment. Mr. Conway: The jury has got to fix the punishment. I have him charged with burglary, and then I say, 'Said defendant was heretofore' on the 13th— The Court: Are you prosecuting him under the habitual criminal act? Mr. Conway: Yes, sir, it has to be proved as any other fact. Mr. Henneberry: Well, we admit it. The Court: Well, then it will have to be admitted in the record so the jury will know it. Mr. Henneberry: My view of it is this; That when we admit it, then when the court instructs the jury he don't

402

instruct them on the punishment for burglary, but the punishment provided for under the habitual—"

In addition there was introduced in evidence the judgment and sentence on plea of guilty to the crime of burglary by the defendant upon a prior case. It was admitted without objection on the part of the defendant and no effort was made by him to deny that he was the party who had been convicted and sentenced. For future guidance we think it would be well for the courts of this state, in preparing verdicts to be submitted to juries in cases of this character, to require a finding in the verdict as to whether defendant is found guilty or not guilty as a second offender, even though we do not have a specific statute requiring the jury to so find in this state.

The court instructed the jury upon this question as follows:

"Number 7. You are instructed, however, that in determining the guilt or innocence of the defendant of the charge alleged in the information in this case, that is, with reference to the Cozy Theater, that you will not consider the question as to whether or not the defendant had previously committed a felony in this state, and been convicted thereof. However, if you do find the defendant guilty, beyond a reasonable doubt from the evidence adduced and under the instructions given in this case, and further find from the evidence beyond a reasonable doubt that the defendant has been previously convicted of a felony in the state of Oklahoma, then in determining the punishment to be inflicted, you may take into consideration such former conviction of a felony, if any, and fix the punishment to be inflicted at not less than ten years, as provided by statute."

The above instruction correctly states the law as far as it goes, but the court should also have instructed the jury that if they did not find beyond a reasonable doubt

that defendant was guilty as a second offender, but do find him guilty of the crime charged in the information, that his punishment should be by confinement in the state penitentiary not less than two years nor more than seven years, as provided by the statute. The jury was nowhere instructed as to the punishment provided by the statute for burglary in the second degree. We think the jury should have been so instructed. There can be no question that from the evidence offered in this case and the admission made by the counsel for the defendant during the trial that the jury found the defendant guilty as a second offender. But for the error in this instruction we have decided that justice would be done by a reduction of the punishment assessed in this case to four years in the penitentiary. The defendant, as shown in the record, has served 270 days in jail before his conviction. He has been in the penitentiary for 18 months, being unable to make bond, and we think that when he serves sufficient time to satisfy four-year sentence that justice will have been done in this case for any error that might have been committed. The defendant, by his attorney, at the beginning of the trial admitted he was guilty as a second offender, and again during the trial made the same admission. He insisted the court should not submit this issue to the jury, seeking to keep from the jury the fact that defendant had been convicted at a prior time. We do not think he should be permitted to take advantage of this on appeal, and for this reason have reduced the penalty to four years as above indicated, which in our opinion is giving full justice to the defendant for the error committed in the instruction as above indicated. See Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917; McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542; Massey v. U. S. (C. C. A.) 281 F. 293; McCarren

v. U. S. (C.. C. A.) 8 F. (2d) 113; State v. Findling,
123 Minn. 413, 144 N. W. 142, 49 L. R. A. (N. S.) 449.
The principles announced herein are in accord with
those expressed in the cases of Bowlegs v. State, 9 Okla.
Cr. 69, 130 Pac. 824; Wright v. State, 16 Okla. Cr. 458,
184 Pac. 158; Johnston v. State, 46 Okla. Cr. 431, 287
Pac. 1068.

The next assignment is, that the verdict is not sup-
ported by sufficient evidence, and that the evidence of
Ted Cooper, who was an accomplice, was not sufficiently
corroborated.

The evidence in this case shows that the Cozy Theater,
in Tulsa, was burglarized during the night of January
21, 1935. Employees coming to work on the following
morning found the doors of the theater pried open, the
door of the safe pried open, with knobs, paper bags and
rubbish on the floor. Following this one Ted Cooper was
apprehended along with this defendant, and one Emil
Weddel. He admitted the burglary and was used at the
preliminary hearing against the defendant. His testi-
mony, which was then taken, was read to the jury at the
trial of plaintiff in error. He related that he met the de-
fendant and Weddel at a hotel in Tulsa on the night of
the burglary. That the three of them left the hotel and
went to the Cozy Theater. That with a tire tool they pried
the door of the theater open and with a heavy hammer
knocked the knob off the safe and drove the pins out,
making it possible to open the safe. After opening the
safe they took money amounting to about $1,300, and went
in a Ford car, belonging to one of the defendants, to a
tourist camp near Tulsa, rented a cabin where they re-
mained for some time, and after dividing the money re-
turned to Tulsa. That while crossing the river defendant

threw a suitcase containing the bags and wrappers in, in which the money had been kept.

The testimony of the witness Ted Cooper is corroborated in many details by the conditions found at the theater after the burglary, the testimony of the manager and the maid there, the proprietor of the cafe, and the owner of the camp cottage. The defendant was identified by the proprietor of the cafe where the defendant Cooper said they came for the purpose of renting the cottage; also, Mr. Shepherd, who owned the cottage and rented it to them in the early morning hours after the burglary. The witness Shepherd, after identifying the defendant, testified that they were in the cottage only a short while, and that he immediately went to the cottage after they left and there found money wrappers where they had been torn off rolls of nickels, dimes, quarters, and half dollars, such as had been on the money taken from the Cozy Theater. That he saw prints of money on the sheets on the bed in three piles. That the parties had told him at the time they rented the cottage that they' had just come from Oklahoma City. That they had tire trouble and were cold and wanted a cottage to rest and get warm. That he was suspicious and watched them, and that they only stayed there a short while and left. The witness Cooper testified to throwing one of the money bags into the river. This bag was identified as one that had been taken from the theater. This bag was also identified by the owner and employees of the theater. From this statement it is clear that the evidence was sufficient to convict the defendant and that the witness Cooper was amply corroborated by other testimony in this case.

Section 3071, Okla. Stats. 1931, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other

evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

By this it is not meant that separate and complete proof of a crime should be proved, but only there should be some evidence of material facts in addition to the testimony of the accomplice tending to connect the defendant with the commission of the crime charged.

This court has often passed upon the question of the sufficiency of the evidence to corroborate an accomplice, and we refer to the following cases which set out fully the reasoning of the court upon this proposition: Bond v. State, 54 Okla. Cr. 39, 14 Pac. (2d) 425; Morton v. State, 46 Okla. Cr. 361, 287 Pac. 1087; Fortman v. State, 45 Okla. Cr. 23, 280 Pac. 1109; Varner v. State, 42 Okla. Cr. 42, 274 Pac. 43.

The next assignment of error is that the court erred in permitting the state to introduce the transcript of the testimony of the witness Cooper taken at the preliminary hearing for the reason that due diligence had not been shown to obtain his presence at the trial. This question has been before this court many times. It has often been held that upon proper showing by the state, it is permissible to read testimony of an absent witness. The authorities here cited fully discuss this proposition and give the reason for the rule. It is useless to quote from them, and we merely cite them in this opinion. Warren v. State, 6 Okla. Cr. 1, 2, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Edwards v. State, 9 Okla. Cr. 306, 131 Pac. 956, 44 L.R.A. (N. S.) 701; Davis v. State, 20 Okla. Cr. 203, 201 Pac. 1001; Houser v. State, 41 Okla. Cr. 129, 271 Pac. 857; Jeffries v. State, 13 Okla. Cr. 146, 162 Pac. 1137; Pierce v. State, 35 Okla. Cr. 67, 248 Pac. 654.

The evidence shows that on the same date this case was set for trial the case of one of his codefendants was also set. A subpoena was issued in that case for the witness Cooper. Praecipe was filed September 7th and a subpoena issued on that date, for his appearance on September 18, 1935, and was returned by the sheriff of Tulsa county, on the 16th day of September, 1935, in which he states: "I cannot find the within named Ted Cooper in my county." The county attorney doubtless knew at the time he issued the subpoena that the witness was not in Tulsa county, and from the fact that the case of this defendant and his codefendant were set for the same day and at the same time, he considered it would be a useless expenditure of the county's money to issue a subpoena for this witness in both cases. The return of the officer showed that the witness could not be found in Tulsa county. Under these circumstances we do not think it was error for the court to permit this proof.

In addition to this, the county attorney further showed his diligence in trying to locate this witness by an officer whose testimony was as follows:

"A police officer whose name was E. P. Gardner, testified that he was acquainted with Ted Cooper, that he had last seen him just after the preliminary trial in this case, and further testified: 'A. I started to try to locate Ted Cooper about four months ago. I had information that he was driving a truck at Vinita for somebody. I drove to Vinita and could not find where he had ever been employed there or in that vicinity. After showing his picture to everyone around the rooming house, pool halls, boarding houses, and everywhere else, I could not find him. I then had information that he was in Bartlesville.'

"He further testified: 'A. This case was set for special hearing on June 22nd and it was prior to that

date that I had been up there trying to find Ted Cooper. I went to Bartlesville and inquired of all trucking companies, boarding houses, rooming houses, and pool halls, showed them his picture and everything else and no one had heard of him. I next heard that he was in Joplin, Missouri. I did not go to Joplin, but sent his picture to the Chief of Police and put a pick-up there.'

"He further testified: 'I next contacted the Special Agent of the Frisco Railroad, gave him Ted Cooper's picture, asked him to distribute them over the line of the Frisco, to all of their agents, for them to contact the police departments through the different cities through which they operated, trying to see if they could locate him. We have been unsuccessful. We don't know where he is. And then, A. The last I heard of him was that he might be in Kansas City or Dallas. I have sent pictures to both places.' "

When objection is made to the introduction of evidence given and transcribed at a preliminary hearing where the witness is absent, counsel for the state or the defendant should offer evidence showing diligence on their part in an effort to secure the presence of the witness. As has been held by this court, the defendant is entitled to be confronted by the witness and be permitted the right to cross-examine him and every reasonable effort to secure the presence of the witness should be made and the record should show this diligence by the one seeking to introduce the same. In this case defendant had the opportunity of cross-examining the witness and by the same counsel who represented him in his final trial. Under the showing made, we do not think the court erred in permitting the evidence to be read of the witness Ted Cooper given at the preliminary hearing.

Plaintiff in error assigned several other errors which were that certain testimony was incompetent, that the in-

formation was insufficient, and that the verdict of the jury is contrary to law and evidence.

We have carefully examined these assignments and from what has heretofore been stated, we are of the opinion that the judgment and sentence in this case should be modified to four years in the penitentiary, and as so modified the judgment of the district court of Tulsa county is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.