## CHESTER BENDER v. STATE.

No. A—9656.  June 13, 1940.
(103 P. 2d 565.)

Ruble & Boatman, of Taloga, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant Chester Bender was charged in the district court of Custer county with the offense of second-degree forgery; was tried, convicted and sentenced to serve a term of nine months in the state penitentiary, and has appealed to this court.

The information against the defendant reads, in part, as follows:

"That on or about the date aforesaid, in the county and state aforesaid, The said Chester E. Bender did wilfully, unlawfully, knowingly, wrongfully, feloniously and falsely, make, write and forge a certain written instrument to-wit: a check in the following words and figures, to wit:

" 'Canton, Okla. Nov. 27th 1937 No.
        The First National Bank
Pay to Charley Jones or order $18.75 Eighteen and............
75/100 Dollars            " 'C. W. Eaton
" '(endorsed) Chas. Jones'
"with the fraudulent intent of the said Chester E. Bender then and there to defraud the Safeway Stores, a corporation, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

Charley Jones, the person to whom the check is made as can be seen by the above information, was not jointly charged with this offense. However, he was used as a witness by the state, and under his own testimony was an accomplice. He testified in substance that he met the defendant in Clinton on November 27, 1937; that they had both been drinking; that he proposed forging the name of his half brother, C. W. Eaton, to a check; that the defendant Bender prepared the check, and signed the name of C. W. Eaton, who was the half brother of Jones, to the check. Jones then took the check to the Safeway Store, endorsed it, procured $2 or $3 in groceries and the balance of the check in cash, and gave Bender $2 or $3 of the money.

The evidence shows that the Safeway Stores did not commence this prosecution, but the same was instituted by the signing of the complaint by the sheriff of Custer county on December 17, 1937.

In the trial of the case, the testimony of C. W. Eaton, the man whose name was alleged to have been forged, was read to the jury. At the time this testimony was given, the court reporter was called as a witness; and upon being questioned by the county attorney started reading the testimony given by Eaton in the preliminary hearing. At which time the attorney for the defendant interposed the following objection:

"By Mr. Ruble: To which the defendant objects for the reason it is incompetent, immaterial, and irrelevant, and is not the best evidence, no proper foundation is shown for this testimony. By the Court: Overruled. By Mr. Ruble: Exception."

No evidence was offered by the state to show that Mr. Eaton was absent; the record does not show that a subpoena had been issued for him; and so far as the record

shows, no effort whatsoever was made to obtain his attendance or to explain his absence, if in fact he was absent. It is the duty of the state, if possible, to procure the attendance of its witnesses, so that the jury may observe the demeanor of the witness upon the stand and give the defendant an opportunity to fully cross-examine him before the jury.

Where the testimony of a witness is given in a preliminary hearing, and the same is transcribed, and a proper foundation for the introduction of the same is laid, of course, we have held that the same is admissible in evidence.

In the case of Houser v. State, 41 Okla. Cr. 129, 271 P. 857, the first paragraph of the syllabus reads as follows:

"In the trial of a defendant, where the testimony of a witness was taken at the preliminary examination and his testimony was reported by the court reporter in the presence of the defendant and his counsel, who had an opportunity to cross-examine the witness, and said testimony has been transcribed, duly certified, and filed with the court clerk, held, that if the witness is not present at the final trial, and the state makes sufficient showing that such witness cannot with due diligence be found within the jurisdiction of the court, the testimony of the absent witness may be read to the jury."

Also, Zeligson v. State, 43 Okla. Cr. 24, 276 P. 791.

But where the state makes no effort to lay a predicate for the admission of this testimony, and no explanation is given in the record as to why the witness himself does not testify, we have held that before the testimony of a witness at a preliminary hearing may be proved as secondary evidence against the accused in a subsequent trial, it must first be proved that a preliminary hearing was had, that the witness was sworn and testified, that the accused

was present and had opportunity for cross-examination, that the witness has since died, become insane, left the state, or that he is sick and unable to testify or that his whereabouts cannot with due diligence be ascertained. Hawkins v. State, 3 Okla. Cr. 651, 108 P. 561; Kearns v. State, 14 Okla. Cr. 142, 168 P. 242; Jolliffee v. State, 21 Okla. Cr. 278, 207 P. 454; Alexander v. State, 51 Okla. Cr. 1, 299 P. 237; Scott v. State, 43 Okla. Cr. 232, 278 P. 393; Golden v. State, 23 Okla. Cr. 243, 214 P. 946.

The testimony of Eaton was material, and the conviction could not have been secured without his evidence.

The defendant further complains of the action of the court in admitting in evidence a check in the sum of $1 which had been given on February 16, 1938, by the defendant to a grain elevator at Thomas. This check was admitted by the court on the theory that it contained a specimen of the defendant's handwriting which the jury might compare with the disputed handwriting on the check in question. However, there were other specimens of the defendant's handwriting in evidence, and it was not necessary to use this check for that purpose. The check was returned to the payee because of insufficient funds of the maker to pay the same, and was a misdemeanor under the bogus check statute.

Evidence of offenses of similar nature committed at about the same time by an accused other than the specific offense for which he is being tried may be properly admitted in evidence to show the guilty knowledge or intent of the accused, notwithstanding such evidence tends to prove accused guilty of other and distinct offenses.

The offense of giving a bogus check as above set forth was in no way connected with the offense for which the defendant was being tried, does not come within the rule

above stated, and the same should not have been admitted in evidence. It is true that at the close of the case the county attorney made application to withdraw the check from the record; but the damage, if any, had already been done by the examination of the witness concerning the check in the presence of the jury. Upon a retrial of this case, all of this evidence should be eliminated.

The defendant presents other assignments of error, but they are without substantial merit.

For the reasons hereinabove set forth, the judgment of the district court of Custer county is reversed, and this case is remanded to said court, with instructions to grant the defendant a new trial.

DOYLE, P. J., and BAREFOOT, J., concur.