### E. I. BROWN v. STATE.

No. A-10499.   Dec. 12, 1945.
(164 P. 2d 401.)

Nolen & Ross, of Okemah, and L. D. Williams, of Henryetta, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. A. Wallace, Co. Atty., of Okmulgee, for defendant in error.

BAREFOOT, P. J.  Defendant, E. I. Brown, was charged in the district court of Okmulgee county with the crime of assault with a sharp and dangerous weapon, to wit: a pocket knife. He was tried, convicted, sentenced to serve a term of two years in the penitentiary, and has appealed.

The defendant was charged with cutting and stabbing one Stanley Szymanski, in Okmulgee county, on August 9, 1943.

Stanley Szymanski and Raymond Christopher were soldiers located at Camp Gruber, in Muskogee county. On August 8, 1943, they left Camp Gruber and went to Henryetta, in Okmulgee county, arriving there about 2 o'clock in the morning, and went to a hotel. They were up about 9 or 9:30 the following morning, and tried to find some beer. They contacted a woman taxi-driver, after they failed to find beer in Henryetta, and she drove them about four miles west of town, to the defendant's home. There they were invited in by the wife of defendant, and told by defendant that they could get some homebrew. They remained until about noon, when, according to the testimony of the soldiers, they left with defendant and his wife, who took them back to Henryetta for the purpose of getting some other parties and returning to the home of defendant. This they did, and defendant got several women, and later some men came, and they remained at defendant's home until late in the afternoon, when some of the guests departed, but the two soldiers did not leave. In the meantime, one of the soldiers had on two different occasions procured a pint of whisky, which was consumed by different members of the party, but mostly by the defendant. The soldiers started to leave about 8 o'clock, but one of them left his hat and they returned to get the hat. Defendant was sitting on the porch, vomiting, and somewhat under the influence of intoxicating liquor. Defendant accused the prosecuting witness, Stanley Szymanski, of "making eyes," at, and becoming too familiar with his wife. The defendant was 55 years of age, and his wife 23, and she was his fifth wife. Some argument arose, and the de-

fendant stabbed and slashed Stanley Szymanski in the abdomen with his pocket knife. A portion of his intestines and his appendix protruded from the wound, and the soldier was carried to the hospital in Henryetta, where an operation was performed, his appendix removed, and the protruding intestines placed back in place. He spent 31 days in the hospital.

The testimony of the soldiers was that nothing had been said or done by either of them to the wife of defendant that could have been the cause of defendant's action in stabbing Szymanski, and that it was caused by his drinking and jealousy. All of the witnesses who had been in the home during the day but had departed before the difficulty, testified that they had not heard nor observed anything on the part of the soldiers that was in any way improper, during the time they were there.

The defendant testified that the witness had his arm around his wife at the time he stabbed him, and his wife testified that he had been "making eyes" at her all during the day, and while the others were present.

It will thus be observed that the testimony was somewhat conflicting as to minor details. This, of course, was a question for the jury, and they no doubt reached the conclusion that the defendant had become jealous and by reason of his condition, unlawfully stabbed the prosecuting witness. This verdict is binding on this court, and will not be set aside under the law where there is evidence to sustain, as in this case. Grooms v. State, 77 Okla. Cr. 448, 142 P. 2d 862; Orrell v. State, 79 Okla. Cr. 300, 154 P. 2d 779; Wehr v. State, 79 Okla. Cr. 426, 155 P. 2d 731; Salisbury v. State, 80 Okla. Cr. 13, 156 P. 2d 149.

The first assignment of error is that the court admitted the testimony of Stanley Szymanski, which was

supposed to have been taken at the preliminary hearing, and was offered by the state at the trial of the defendant in the district court.

The facts with reference to this are that the prosecuting witness was in the hospital at Henryetta at the time of the preliminary hearing. The magistrate and the attorneys for the state and defendant went to the hospital and took his testimony. It was taken by the reporter, transcribed and filed with the court clerk of Okmulgee county. When the case was called for trial in the district court, the witness had been transferred to the hospital at Camp Gruber, in Muskogee county, and the evidence revealed that he was unable to attend. The testimony of Raymond Christopher was: "He is in the hospital at Camp Gruber, Oklahoma, under the doctors' care; he is not able to be discharged; he is confined to the ward."

The statute with reference to presenting the testimony of absent witnesses is 22 O. S. 1941 § 762.

Under the facts above stated, we are of the opinion that the court did not err in permitting the evidence of the witness, taken at the preliminary examination, to be read to the jury.

In the case of Pierce v. State, 35 Okla. Cr. 67, 248 P. 654, 655, the court said:

"From these various cases it may be said that the rule is well settled that, where a witness has testified at a former trial, or at a preliminary hearing, and the defendant had an opportunity to cross-examine him, the evidence so given may be read as the evidence of the witness at a subsequent trial where the witness is dead, is out of the jurisdiction of the court, or his whereabouts is unknown, or his presence with due diligence cannot be obtained, or where he is sick and unable to testify."

See, also, Houser v. State, 41 Okla. Cr. 129, 271 P. 857.

In view of the fact that counsel for defendant was present at the time of the taking of the testimony and cross-examined the witness, it cannot be said that he was denied the right to be confronted with the witness as guaranteed him by the Constitution of the United States, and of the State of Oklahoma.

If a witness has testified at a former trial, or at a preliminary hearing, and the defendant had an opportunity to cross-examine him, and when the case comes on for trial again it is satisfactorily proven that said witness is dead, or out of the state, or is insane, or that his whereabouts cannot with due diligence be ascertained, or is sick and unable to testify, the testimony of such witness, given upon said former trial, may be proven upon the subsequent trial. And the constitutional provision which guarantees to the defendant the right to be confronted by the witnesses against him, is fully complied with when he has had the right to cross-examine said witnesses at the former trial.

The record in this case does not affirmatively show that the defendant accompanied the magistrate, the court reporter and the attorneys to the hospital where the testimony of the witness Stanley Szymanski was taken. Neither does it show that he did not do so. The presumption is that he was present. Henry v. State, 10 Okla. Cr. 369, 136 P. 982, 52 L.R.A., N.S., 113.

The Sixth Amendment to the Constitution of the United States gives to a defendant the right to be confronted by witnesses against him, but this provision has application to the trial of Federal cases only. Almost all of the states, however, have similar provisions.

It is provided by Art. II, § 20 of the Oklahoma Constitution:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: * * *. He shall be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. * * *"

And 22 O. S. 1941 § 13, subdiv. 3, is as follows:

"3. To produce witnesses on his behalf, and to be confronted with the witnesses against him in the presence of the court."

This court has on numerous occasions had the construction of the above statute under consideration. In the case of Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L.R.A., N.S., 1121, Judge Furman has fully discussed the question of one being "confronted" by the witnesses against him, and many authorities are cited bearing upon this exact question, among them being: 2 Wigmore on Evidence, § 1895, and Underhill on Criminal Evidence (2d Ed.) § 265. It is unnecessary to quote from this or other decisions. The main and essential purpose of confrontation is to secure the right of cross-examination. This right was given in the instant case, and defendant's counsel fully and ably cross-examined the witness, and this cross-examination was read to the jury as was the direct examination. Williams v. State, 42 Okla. Cr. 399, 276 P. 515; Foster v. State, 35 Okla. Cr. 70, 248 P. 847; Mendenhall v. United States, 6 Okla. Cr. 436, 119 P. 594; Stealer v. State, 10 Okla. Cr. 460, 138 P. 395; Bryant v. State, 33 Okla. Cr. 283, 244 P. 453.

For the reasons stated, the judgment of the district court of Okmulgee county is affirmed.