## J. E. STUBBS v. STATE.

No. A-10929.   Nov. 17, 1948.

(200 P. 2d 456.)

David Tant and Thad L. Klutts, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, J. E. Stubbs, was charged by information filed in the district court of Oklahoma county with the crime of murder, was tried, found guilty of the included offense of manslaughter in the first degree, with the punishment left to the court. After overruling the motion for new trial, defendant was sentenced to serve a term of seven years imprisonment in the State Penitentiary and has appealed.

No brief has been filed on behalf of the defendant and no appearance was made at the time the case was assigned for oral argument. Under the rules of this court, where no briefs are filed, nor argument presented, the court will examine the evidence to ascertain if it supports the verdict, and examine the pleadings, instructions of the court, and the judgment; and if no material error is apparent, the judgment will be affirmed. Smith v. State, 81 Okla. Cr. 203, 162 P. 2d 331.

We have examined the record. The evidence showed that the defendant was the floor manager or "bouncer" at Chief Jim's Tavern in Oklahoma City.

On the night of June 29, 1946, the deceased, Homer Hardy, a nineteen year old youth, and his brother, rode their horses to the tavern. They were partially intoxi-

cated and created a disturbance. The defendant ordered the brothers to leave and a fight occurred between the deceased and defendant at the rear of the tavern. The Hardy brothers then mounted their horses and started for home in a gallop. The defendant, together with three or four other men, pursued them. The deceased tried to flee at the Hardy home but was caught and struck several times by the defendant with a flat blackjack, from which injuries the deceased died several hours later. The defendant denied that he struck the deceased with a blackjack or with any other instrument, but stated that he was struck by one of the other men who accompanied the defendant in the defendant's automobile when they went to the Hardy home.

The evidence was conflicting on the issue as to whether the defendant struck the blows that killed the deceased. Such conflict of testimony raised an issue for the determination of the jury and we are bound by their finding. Brown v. State, 81 Okla. Cr. 314, 164 P. 2d 401; Salisbury v. State, 80 Okla. Cr. 13, 156 P. 2d 149.

The trial court gave all of the instructions which were requested by counsel for the defendant and no objection or exception was saved to the giving of any instruction. We can find no material error in the record, and the judgment of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.