Truman Welch BUIE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13095.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1962.

Jay C. Baker, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

■ This is an appeal by Truman Welch Buie, as defendant, from a conviction in the district court of Tulsa County, Oklahoma. He was charged by information in said court with the crime of grand larceny, second and subsequent offense. The crime was allegedly committed on March 25, 1961, in Tulsa County, by stealing and carrying away four B. F. Goodrich tires and the stand, without the consent of Dick Jones, the lawful owner, with the intent to deprive the owner thereof, and to convert the same to his own use and benefit. He was tried by a jury, which on conviction fixed his punishment at five years in the state penitentiary. Judgment and sentence was entered thereon, from which this appeal has been perfected.

Briefly, the defendant and a man named Daney came to the Jones service station after a prior trip, and at about 4 a. m., parked their car in a darkened area on the east side of the station. Buie's companion, Daney, engaged Gary Allen, the attendant, in conversation, seeking to get him to take a drink from Daney's whiskey bottle. At that time they were so situated they could not see the stand and tires from where they stood. Allen declined the drink. He then heard the door to the toilet on the east side close, and went around to see what was going on. When he did so, Buie and Daney got in the car and drove away.

It is apparent, in light of subsequent events, that the slammed door was the signal to Daney that the job was done and for them to leave. Allen said it was dark and he could not tell if there was anything in their car.

Some time later the Tulsa police arrested Buie and Daney for a muffler violation, and found the tires and stand in the car. Buie, in spite of warning shots, fled the scene of the arrest, but a short time thereafter was found hiding on the floor of the car of someone else, parked in a garage.

Buie later admitted to the officers that he and Daney stole the tires, and he took the officers to the Jones station as the place of the theft. A check of the tires with the invoices disclosed they had been taken, as alleged. They were identified conclusively by Jones and by Buie's admission as the stolen tires.

The evidence is entirely sufficient to sustain the conviction.

The defendant complains the court did not instruct the jury on grand larceny, first offense. We quote from defendant's brief:

"By Instruction No. 4, the court informed the jury that the punishment for grand larceny after former conviction of a felony is imprisonment in the penitentiary for a term of not exceeding ten years. By Instruction No. 5, the court advised the jury that evidence of other convictions is admissible only for the purpose of increasing the punishment and that a former conviction may be considered by the jury for no other purpose. And, in Instruction No. 6, the court advised the jury that if they should find the defendant guilty of grand larceny after former conviction of a felony it would be their duty to convict the defendant. No other instructions concerning the Habitual Criminal Act (21 O.S. §§ 51–52) were given by the court.

"The contention made here by the defendant was bluntly called to the court's attention by a handwritten

pleading filed before the court's instructions were read to the jury."

The foregoing is true, as to the manner employed to call it to the trial court's attention. But at no time in the proceedings did the defendant follow the procedure set forth in Perry v. State, 94 Okl.Cr. 347, 235 P.2d 963, as follows:

"Where counsel are dissatisfied with instructions that are given, or desire the court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in the instructions, it is the duty of counsel to prepare and present to the court such desired instruction and request that it be given, and in the absence of such request this court will not reverse the case where the instructions generally cover the subject matter of the inquiry."

And see Maxwell v. State, Okl.Cr., 360 P.2d 959.

The instructions considered as a whole were neither misleading or prejudicial, though they may be described as being inexpertly drawn. They defined grand larceny, together with the penalty therefor, and told the jury that if they found the defendant guilty thereof, after a former conviction, it would be their duty to convict defendant as a former offender.

The instructions went further and advised the jury that they could consider evidence of a former conviction only for the purpose of enhancing the punishment, and that a former conviction could be considered for that purpose and none other. Generally the instructions were in substantial conformity to the law.

The defendant relies on Rice v. State, 60 Okl.Cr. 398, 64 P.2d 1240. Therein this Court said:

"The jury was nowhere instructed as to the punishment provided by the statute for burglary in the second degree. We think * * * it should so have been instructed."

This is not the situation in the case at bar.

In Shirey v. State, Okl.Cr., 321 P.2d 981, relied on by the defendant, a requested instruction setting forth that the defendant could be found guilty either of the principal offense or as a second offender was offered, and refused. The proper predicate was laid therein for preserving the point of error in rejecting the requested instruction on appeal, but such was not done in the case at bar.

In Solomon v. State, 79 Okl.Cr. 93, 151 P.2d 944, this Court said that where an examination of the instructions as a whole reveals that they fairly presented the law and issues of the case, the case will not be reversed. Therein the instructions bear great similarity to those given in the case at bar.

The defendant next contends that the court should have instructed the jury that they must find, beyond a reasonable doubt, that the defendant had been previously convicted, but nowhere does it appear at the trial he made any request for such an instruction.

It appears that the state offered proof of former conviction of defendant Buie in Oklahoma County of second degree burglary, by certified copy of the information and judgment and sentence on a plea of guilty, for which offense he was sentenced to two years in the penitentiary. It appears the sentence was served by the defendant, documentary proof being offered by a deputy court clerk of Oklahoma County.

The defendant complains that no proof of identification was offered. In Johnson v. State, 96 Okl.Cr. 294, 253 P.2d 179, we said:

"Where, in a prosecution for a second offense * * * record evidence of a former conviction is offered of one of the same name as that of the defendant on trial, the same will be considered as strong circumstantial evidence that the person named in the former conviction and the defendant on trial are one and the same person; and where no contradictory evidence is in-

troduced, the same will be held to be sufficient to show a prior conviction."

And see Pitzer v. State, 69 Okl.Cr. 363, 103 P.2d 109; Files v. State, 16 Okl.Cr. 363, 182 P. 911; Williams v. State, Okl. Cr., 364 P.2d 702.

Under the failure of the defendant to offer any rebutting testimony in this regard, it is a sufficient circumstance upon which the jury could safely conclude the defendant, with the unusual name was the same Truman Welch Buie as the defendant in the case at bar.

The defendant offered no testimony in his defense.

Next, the defendant complains that the county attorney made improper remarks in his closing argument, amounting to comment on the defendant's failure to testify.

The remark allegedly made was, "Well, I knew there was no defense to the case, and none has been presented so far". The argument was not taken and transcribed, and no objection appears in the record to have been taken at the time the remark was made. In Hathcox v. State, 94 Okl. Cr. 110, 230 P.2d 927, 929, this Court said:

"Counsel for a defendant must not only object to alleged improper statements of the county attorney in his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose, unless the remarks were of such a character that the error would not be cured by a withdrawal of the remarks.

"Ordinarily error cannot be predicated upon mere unexplained excerpts from the remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context, and whether or not they were invited or provoked by remarks made by opposing counsel.

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and ar-gumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

Where, as herein, the defendant offered no defense of any kind, and the evidence of guilt is so overwhelming, we are of the opinion that this comment could not have prejudiced him.

For the foregoing reasons, the judgment and sentence is affirmed.

NIX, P. J., and BUSSEY, J., concur.